Esther ADAMS and Lloyd Adams, Plaintiffs-Appellants,

v.

David L. RICHARDSON, M.D., and Presbyterian Saint Luke's Medical Center, doing business as Saint Luke's Hospital, Inc., a Colorado corporation, Defendants-Appellees.

No. 84CA0525.

Colorado Court of Appeals, Div. II.

Jan. 2, 1986.

Jones & Weaver, P.C., Frank J. Jones, Wheatland, Wyo., Gene A. Ciancio, P.C., Gene A. Ciancio, Thornton, for plaintiffs-appellants.

Pryor, Carney and Johnson, P.C., Susan T. Smith, Englewood, for defendant-appellee David L. Richardson, M.C.

Cooper & Kelley, P.C., Susan R. Roberts, Gretchen C. Rau, Denver, for defendant-appellee Presbyterian Saint Luke's Medical Center, d/b/a Saint Luke's Hosp., Inc.

SMITH, Judge.

Plaintiffs, Esther and Lloyd Adams, appeal from a summary judgment of dismissal. The trial court dismissed plaintiff Esther Adams' suit claiming damages for medical malpractice wherein she alleged that defendants had negligently prescribed and administered excessive radiation therapy for the treatment of her lung cancer. It also dismissed plaintiff Lloyd Adams' derivative claim for loss of consortium. The dismissal was based on plaintiffs' failure to file their claim within the time allowed by the three-year repose provision of the applicable statute of limitations. We affirm.

Plaintiffs argue that, as applied, the three-year repose provision contained in the medical malpractice statute of limitations, § 13–80–105(1), C.R.S. (1985 Cum.Supp.), deprives them of their right to equal protection of the laws. They also argue that summary judgment of dismissal was improper because genuine issues of material fact existed concerning: (1) When Esther Adams discovered or should have discovered the seriousness of her injury; (2) whether defendant Dr. Richardson knowingly

concealed facts from plaintiffs; and (3) whether employees of defendant Saint Luke's Hospital, acting outside Dr. Richardson's presence and direct control, negligently administered the treatments prescribed by him. We perceive neither a denial of equal protection nor the existence of a material fact issue concerning the applicability of the statute of limitations.

The following facts are disclosed in plaintiff's complaint and in the depositions and affidavits filed in support and in opposition to defendants' motions for summary judgment. Mrs. Adams had a cancerous lesion surgically removed from the upper lobe of her right lung in December of 1977. In September of 1978 re-examination revealed another mass in her lung. Her surgeon referred her to defendant Dr. Richardson who specializes in radiation oncology.

After examination and consultation, Dr. Richardson prescribed a series of radiation treatments. According to plaintiffs, he advised Mrs. Adams that the treatments would only destroy the bad tissue, not harm the good. Thereafter, at Dr. Richardson's direction, radiation treatments were administered by technicians at defendant St. Luke's Hospital. These treatments were commenced in September or October of 1978 and were completed on December 8, 1978. After each set of treatments, Mrs. Adams was hospitalized. She suffered from esophagitis, apparently a normal side-effect of such treatments.

In her complaint, Mrs. Adams alleges that in the spring of 1979, she developed severe stomach problems and that, when she consulted her own physician, he determined that her gall bladder was severely burned. In March of 1979, it was surgically removed. She alleges she was advised that the damage to her gall bladder was a side effect of the radiation treatments.

During the latter part of 1979, Mrs. Adams began suffering from progressive numbness and tingling in her right side. These symptoms originated in her right foot and seemed to spread to the joint of her knee and then to her hip. Somewhat later, she began to experience similar symptoms on her left side.

As a result, in May of 1980, Mrs. Adams was extensively tested and examined by medical specialists at defendant St. Luke's Hospital. The examining physicians concluded that her symptoms indicated possible spinal cord involvement, perhaps suggesting radiation myelitis or recurrence of the lung cancer.

During July of 1981, Mrs. Adams underwent further extensive testing at another hospital because she was suffering from increasing shortness of breath, weakness, and back pain. The doctors there also addressed the issue as to whether her condition represented severe radiation fibrosis or recurrence of the tumor. They concluded: "Our strong feeling at the present time is that it very likely represents radiation fibrosis." A partial removal of Mrs. Adams' pericardium was performed on July 16, 1981.

These examinations and procedures were completed some five months *prior* to expiration of the statute of repose. It appears they were the last that were performed prior to the time plaintiffs filed their suit. The action, however, was filed on May 10, 1982—approximately three years and five months *after* the last radiation treatment had been administered, and roughly ten months after Mrs. Adams' last examination.

In his affidavit in support of his motion for summary judgment, Dr. Richardson stated that the total amount of radiation Mrs. Adams received was an amount well within accepted standards for radiation treatment of tumors like that of Mrs. Adams. He stated that he had no further contact with Mrs. Adams after she completed all of the prescribed radiation therapy and that he was unaware, until she filed this action, that she claimed to have suffered any complications as a result of the therapy. He furthermore denied claims made by plaintiffs that he had knowingly or fraudulently concealed information from plaintiffs regarding the cause of Mrs. Adams alleged complications.

The trial court found it undisputed that, on December 8, 1978, Mrs. Adams received the final radiation treatment and that, for purposes of calculating time, this treatment constituted the act or omission which gave rise to her medical malpractice claim. Section 13–80–105(1), C.R.S., provides:

"No person shall be permitted to maintain an action, which sounds in tort or contract, to recover damages from a licensed or certified hospital ... due to alleged negligence or breach of contract in providing care or lack of informed consent or from any person licensed in this state or any other state to practice medicine ... on account of the alleged negligence.... unless such action is instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the injury. *In no event may such action be instituted more than three years after the act or omission which gave rise thereto....*" (emphasis added)

The statute provides two exceptions to the emphasized three-year repose provision: (1) Where the act or omission was knowingly concealed, or (2) where it consisted of leaving a foreign object in the claimant's body. Section 13–80–105(1)(a), C.R.S. (1985 Cum. Supp.). A third exception for cases of negligent misdiagnosis was judicially created in *Austin v. Litvak,* 682 P.2d 41 (Colo. 1984).

Based upon the undisputed facts, the trial court concluded that Dr. Richardson could not have concealed any prior act or omission from Mrs. Adams because he did not see her after her final treatment on December 8, 1978. The trial court accordingly held that plaintiffs' action was precluded by the repose provision of the statute of limitation because it was filed on May 10, 1982, several months beyond the statutory deadline of December 8, 1981, and because neither of the other two exceptions to the repose provision were applicable.

I.

■ Plaintiffs first argue that the trial court erred in dismissing their action for failure to file within three years as required by the repose provision of the above statute. They contend that the statute of repose, as applied to them, violates the equal protection guarantees of Colo. Const., Art. II, § 25. We conclude that the statute has not been unconstitutionally applied to plaintiffs.

Relying upon the case of *Austin v. Litvak, supra,* plaintiffs ask this court to create, as did the court there, yet another judicial exception to the statute which would apply to claimants who have been exposed to excessive radiation.

Plaintiffs claim that, while actions brought by claimants burned by excessive radiation treatment may not be filed beyond the three-year limit, the statute nonetheless provides exceptions for "foreign object," "knowing concealment," and negligent diagnosis claimants which toll its running until two years after such claimants discover, or, in the exercise of reasonable diligence and concern, should have discovered the act or omission.

Plaintiffs reason that, in cases of radiation injury such as that sustained by Mrs. Adams, patients lack notice of any wrongful conduct until the injury eventually manifests itself to such an extent that it can be diagnosed. They claim that, like negligently misdiagnosed patients, injured persons suffering from negligent treatment by radiation are wholly innocent and may, through no fault of their own, fail to discover the injury before the statute of repose has run.

Although the various opinions which comprise the decision in *Austin v. Litvak, supra,* are instructive as to the views of the various members of the court, and although a majority of the justices, by their result, created an additional exception to the statute for negligently misdiagnosed plaintiffs, there is no majority rule instructing us whether the statute, *per se,* denies equal protection of the laws to certain classes of plaintiffs. We therefore consid-

er as undecided the constitutionality of the repose provision of § 13–80–105(1). Moreover, we do not find it necessary to create a new statutory exception under the facts here because we perceive neither unfairness to plaintiffs nor unequal treatment of them occasioned by the dismissal of their action under the repose provision of the statute of limitations.

■ Plaintiffs had access to the discovery rule provided by the two-year statute of limitations under § 13–80–105(1). *See Austin v. Litvak, supra* (Justice Rovira dissenting). They alleged in their complaint that Mrs. Adams knew that good tissue had been harmed when she discovered her gall bladder had been damaged by radiation in March of 1979. For purposes of the summary judgment motions, even if plaintiffs did not realize the full extent and seriousness of Mrs. Adams alleged injuries in 1979, they were nonetheless aware of the existence of their right to seek redress. *See Valenzuela v. Mercy Hospital*, 34 Colo.App. 5, 521 P.2d 1287 (1974).

Thus, based upon discovery in 1979, the two-year statute of limitations would have run in March of 1981—well before the December 1981 deadline under the statute of repose. Moreover, plaintiffs were twice more informed that Mrs. Adams' problems, in all probability, resulted from excess radiation burns: Once in May of 1980, again in July of 1981. Even if plaintiffs had been completely unaware of any injury until Mrs. Adams' final examination in July of 1981, they nonetheless had some five months remaining before the three-year repose period expired during which to file their medical malpractice claim.

We accordingly hold that application of the statute, including its repose provision, to preclude plaintiffs' negligent treatment claim does not operate to deny them equal protection under the Colorado Constitution. And we conclude that, in the summary judgment proceedings, any possible factual question concerning when Mrs. Adams first discovered her injury is immaterial to the issue as to whether her action was barred by the statute of limitations.

## II.

Plaintiffs next argue that the trial court erred in finding that the knowing concealment exception, § 13–80–105(1)(a), was inapplicable to toll the statute. The trial court found no evidence of concealment because Mrs. Adams did not see Dr. Richardson after her final radiation treatment on December 8, 1978. Plaintiffs contend that Dr. Richardson knowingly concealed the high degree of risk of injury from the radiation treatment when, before Mrs. Adams' treatments were complete, he told the plaintiffs the treatments would not damage any good tissue. We disagree.

The exception for knowing concealment in § 13–80–105(1)(a), C.R.S., states:

"If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission ... then such action may be instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the act or omission...."

■ Thus, fraudulent concealment of the act or omission causing injury tolls the running of the statute. The obvious rationale behind this statutory language is that a defendant asserting the statute as a bar should not be permitted to take advantage of his own wrong by concealing existence of the cause of action from the plaintiff. *Rosane v. Senger*, 112 Colo. 363, 149 P.2d 372 (1944).

■ In order for fraudulent concealment to occur, the defendant, in essence, must commit not one, but two wrongs: the original negligent act and the subsequent fraudulent concealment of the same. *Rosane v. Senger, supra*. Fraudulent concealment therefore occurs when a plaintiff suspects or discovers that a wrong has been committed and is subsequently misled or misadvised by the doctor concerning what was done or its effect. *Owens v. Brochner*, 172 Colo. 525, 474 P.2d 603 (1970).

Here, the undisputed facts fail to support plaintiffs' allegation of any fraudulent concealment. It is clear from Mrs. Adams' deposition that she did not see Dr. Richardson after her final radiation treatment. Thus, any circumstances which might otherwise raise the factual question of whether Dr. Richardson concealed a prior negligent act from plaintiffs are entirely absent.

We therefore conclude that the trial court was correct in finding plaintiffs' allegations of fraudulent concealment were unsupported by any factual assertions sufficient to bring plaintiffs' case within the exception to the repose provision of the statute of limitations.

Finally, because of our holding that the repose provision of the statute of limitation bars plaintiffs' claims against both defendants, we do not reach plaintiffs' contention that, because there were factual disputes as to whether the treatments were negligently administered, the trial court erred in granting summary judgment in favor of defendant St. Luke's Hospital.

The judgment is affirmed.

KELLY and BABCOCK, JJ., concur.