Patricia A. **BOYETT** and Gary W. Boyett, Plaintiffs–Appellants,

v.

Stuart L. **SMITH,** Robert Weiss, and Lutheran Medical Center, a Colorado nonprofit corporation, Defendants–Appellees.

No. 93CA0540.

Colorado Court of Appeals, Div. C.

April 21, 1994.

Rehearing Denied June 16, 1994.

Certiorari Granted Feb. 13, 1995.

Myers, Hoppin, Bradley & Devitt, P.C., Frederick J. Myers, Gregg W. Fraser, Denver, for plaintiffs-appellants.

Hall & Evans, L.L.C., Alan Epstein, Richard A. Hanneman, Linda S. Comer, Denver, for defendant-appellee Stuart L. Smith.

Gallo & Godfrey, F. James Gallo, Andrew D. Silverman, Denver, for defendant-appellee Robert Weiss.

Breit, Best, Richman and Bosch, P.C., Douglas E. Best, Ellen Ostheimer Creagar, Denver, for defendant-appellee Lutheran Medical Center.

Opinion by Judge RULAND.

Plaintiff, Patricia A. Boyett, appeals from summary judgments dismissing her negligence claims against defendants, Stuart L. Smith, Robert Weiss, and Lutheran Medical Center, as time barred. Plaintiff, Gary W. Boyett, appeals from the dismissal of his derivative claim for loss of consortium. We reverse and remand for further proceedings.

The submissions of the parties in support of and in opposition to Smith's motion for summary judgment reflect the following sequence of events.

In December 1985, Smith performed surgery on Patricia Boyett to remove her gallbladder and to explore her common bile duct. During the surgery, five X-rays were taken. The first X-ray was taken prior to removing the gallbladder. The second was taken after the gallbladder had been removed but before the common bile duct was probed. Neither of these X-rays showed a leakage from the duct.

Two X-rays taken after the probing, however, did show a leak, thus indicating the existence of a perforation. A typed report interpreting these X-rays also mentioned the leak.

Boyett was not informed of the problem at that time. Further, no efforts were made by Smith to rectify the difficulty.

Three days after being discharged from the hospital, Boyett was readmitted with severe abdominal pain. Eight days later, she was transferred to another hospital for further tests and follow-up treatment. Prior to her transfer, Smith advised Boyett that there was a hole in the duct and that he believed it had been caused by a gallstone.

Boyett did not learn that the hole may. have been caused by Smith until more than three years later. Plaintiffs later filed this action.

Smith's motion for summary judgment asserted that plaintiffs' action was barred by

§ 13–80–105(1), C.R.S., the statute of limitations and repose in effect at that time. Plaintiffs opposed the motion, arguing that the statute's knowing concealment exception applied to their claims.

In granting Smith's motion, and later in addressing plaintiffs' motion for reconsideration, the trial court concluded that the knowing concealment exception did not apply to the claims against Smith based upon the opinion of this court in *Adams v. Richardson*, 714 P.2d 921 (Colo.App.1986).

The other defendants, Weiss and Lutheran, also filed motions for summary judgment on the same basis that Smith's motion had been granted. Because the parties stipulated that the rationale for the judgment in favor of Smith would apply to Weiss and Lutheran as well, the court entered a separate order granting their summary judgment motions.

## I.

The first issue in this appeal involves the interpretation of § 13–80–105(1)(a), C.R.S., in *Adams v. Richardson, supra,* regarding when an action falls within the knowing concealment exception to the statute of repose. Plaintiffs contend that the trial court erred in viewing *Adams* as mandating summary judgment in favor of Smith. We agree.

The pertinent statute, as it existed at the time Smith performed the surgery, provided:

No person shall be permitted to maintain an action, whether such action sounds in tort or contract, to recover damages from ... any person licensed in this state or any other state to practice medicine ... unless such action is instituted within two years after the person bringing the action discovered, or in the exercise of reasonable diligence and concern should have discovered, the injury. *In no event may such action be instituted more than three years after the act or omission which gave rise thereto, subject to the following exceptions:*

(a) *If the act or omission which gave rise to the cause of action was knowingly concealed by the person committing such act or omission....* (emphasis added)

Colo.Sess.Laws 1977, ch. 198 § 13–80–105(1) at 816–17.

In *Adams,* a patient claimed that a physician had prescribed excessive doses of radiation in treating a cancerous lesion. According to the patient, the physician represented that the prescribed dosage would destroy only diseased tissue. There was no communication between the patient and the physician following completion of the treatment.

In granting summary judgment dismissing the patient's claim, the trial court concluded that the physician could not have knowingly concealed any negligent act or omission because there was no communication between the parties after the final treatment. This court agreed.

In discussing the knowing concealment provision of the statute, a panel of this court in *Adams v. Richardson, supra,* 714 P.2d at 925, stated:

In order for fraudulent concealment to occur, the defendant, in essence must commit not one, but two wrongs: the original negligent act and the subsequent fraudulent concealment of the same.... Fraudulent concealment therefore occurs when a plaintiff suspects or discovers that a *wrong* has been committed and is subsequently misled or misadvised by the doctor concerning what was done or its effect. (emphasis added)

Relying upon *Adams,* the trial court here held that because Boyett "did not suspect or discover that any wrong had been committed at the time that Dr. Smith informed her that there was a perforation and what the cause was," there was no knowing concealment. While we recognize that the court properly applied the quoted statement from *Adams,* we conclude that this statement is both dictum and inconsistent with the express language of the statutory exception.

Given the express language of that exception, it is necessary for a patient to demonstrate only that a negligent act or omission has been committed by the physician and then knowingly concealed. The quoted passage from *Adams* would in effect add an element to the statute that is not contained in the express language.

 

We, therefore, conclude that the fact finder here must determine whether, at the time Smith explained the cause of the bile duct perforation to Boyett, he knew that his surgery had caused it and that appropriate steps should have been taken promptly after the surgery to treat the condition. To the extent the language in *Adams* is inconsistent with the result we reach here, we decline to follow *Adams*.

In view of our resolution of this issue, it is unnecessary to address plaintiffs' other contentions concerning the constitutionality of § 13–80–105(1).

## II.

In support of the judgment, however, Smith contends that it is logically impossible under the circumstances of this case for a "knowing" concealment to have occurred. Specifically, Smith points to the deposition testimony of plaintiffs' expert, as well as to other material included in the submissions of the parties, indicating that Smith's negligence was not in perforating the duct during surgery. Instead, his alleged negligence was in failing to detect the perforation and promptly take the necessary medical steps to treat the problem. Based on this theory of negligence, Smith argues he could not be deemed to have concealed a condition that he had not detected. We are not persuaded by this contention.

Entry of summary judgment is improper unless there is a clear showing that no genuine issue as to any material fact exists. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

Here, Smith had the initial burden to demonstrate that no such issue was present, and then the burden shifted to plaintiffs. *See Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987). However, as the non-moving party, plaintiffs must receive the benefit of all favorable inferences that may reasonably be drawn from any undisputed facts. *Tapley v. Golden Big O Tires,* 676 P.2d 676 (Colo.App.1983). Finally, any doubt as to the existence of a genuine issue of material fact must be resolved in favor of plaintiffs. *Mancuso v. United Bank,* 818 P.2d 732 (Colo.App.1991).

Viewing the submissions of the parties in this context, we conclude that, by indicating that the perforation was caused by a gallstone by inference, Smith indicated that the problem was totally unrelated to and not present at the time of surgery. As a result, his advisement suggests that it could not be detected and thus treated at the time of surgery in order to avoid the consequences which Boyett claims she has suffered. Under these circumstances, and given the X-rays and the X-ray report, a fact finder may conclude that Smith knowingly concealed a negligent omission on his part.

Accordingly, we conclude that, for purposes of a summary judgment proceeding, plaintiffs have sustained their burden of demonstrating a genuine issue of material fact which precludes dismissal of plaintiffs' claims as time barred.

## III.

We find no merit in defendants Weiss' and Lutheran's contention that because no allegations of knowing concealment have been asserted against them, those claims are barred by § 13–80–105(1), C.R.S.

The trial court's order granting summary judgment in favor of Weiss and Lutheran was entered pursuant to the parties' stipulation and was strictly based on the issues briefed in Smith's motion. The issue of these defendants' concealment was never briefed or addressed by the trial court. Therefore, we do not address this issue for the first time on appeal. *See Committee for Better Health Care v. Meyer,* 830 P.2d 884 (Colo.1992).

Accordingly, the summary judgments in favor of defendants are reversed, and the cause is remanded with directions to reinstate plaintiffs' complaint and for further proceedings consistent with the views expressed in this opinion.

PLANK and CASEBOLT, JJ., concur.