No. 18,362.

Frank E. Lohr *v.* Anna E. Wills, etc.

(347 P. [2d] 518)

Decided December 7, 1959.

Mr. William R. Bartlett, for plaintiff in error.

Mr. Richard E. Conour, Mrs. Elizabeth A. Conour, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties appeared in the trial court in inverse order of their appearance here. We shall refer to them as plaintiff and defendant, or by name.

Don Shirley Wills died testate May 4, 1955, and Anna E. Wills is the qualified and acting executrix of his last will and testament, and the sole and only devisee named therein. Pursuant to authorization of the county court of Saguache County, Colorado, the instant action was brought.

The complaint alleged that on October 23, 1931, Anna E. Wills and Don Shirley Wills borrowed from defendant Lohr the sum of five thousand dollars and executed one note for fifteen hundred dollars due November 15, 1932, and another note for three thousand five hundred dollars due and payable November 15, 1933. As security therefor the Wills executed a real estate mortgage upon certain lands in Hinsdale County, Colorado. In addition they executed in favor of defendant Lohr a lease upon certain water in the S Lazy U Dude Ranch Reservoir located on the real estate embraced in the said mortgage "in the payment of interest to accrue upon said loan until the same had been fully paid and satisfied," and as further security for said loan. It was further alleged that said notes and the mortgage securing the same were extended, renewed and rewritten from time to time and finally were fully paid and satisfied on January 17, 1955, and the mortgage then released, but that defendant failed and neglected to execute and deliver to the Wills a release or termination of said water lease. Plaintiffs further alleged that the said lease agreement has been fully performed and the consideration therefor fully paid and satisfied. Plaintiff prayed for a cancellation of the lease, and that defendant be enjoined from claiming

any right, title or interest in and to the water represented thereby.

By answer defendant set up various statutes of limitations, to wit: C.R.S. '53, 87-1-11, 87-1-8, 87-1-9 and 87-1-20. In addition he pled laches asserting that "since approximately twenty-five years has elapsed since said lease was entered into and executed, and plaintiff, after the lapse of said time, should not be able to maintain an action to change the terms and conditions of said lease, and have the same held to be terminated and void." He denied that the lease was executed "solely for the purpose of paying for the interest on said loan, until said loan had been fully paid and satisfied; * * * Admits that said water lease was executed and delivered in consideration for making the aforesaid loan." Defendant interposed two counterclaims, the first of which was denied by the trial court, and on the second awarded defendant twenty-five dollars for repairs made on the reservoir in question. No error is urged in connection with the rulings on the counterclaims.

Plaintiff and defendant filed separate motions for summary judgment, which were supported by exhibits including the note representing the indebtedness, the mortgage and the lease, together with a stipulation in which it was agreed that on or about February 17, 1956, plaintiff demanded that defendant release and cancel the lease and that on March 9, 1956, defendant refused to cancel the same unless he received the sum of five thousand dollars, which plaintiff refused to pay.

On April 12, 1957, judgment was entered for plaintiff cancelling and terminating the lease and against defendant on his first counterclaim and in his favor on the second counterclaim in the sum of twenty-five dollars as above recited. Eight days after the judgment was thus entered, defendant filed a designation of record for appellate purposes and on June 14, 1957, plaintiff filed a motion under Rule 60 to correct the judgment and findings of fact on the ground that the judgment should have

been entered on the motions for summary judgment and the evidence embodied in the stipulations of the parties and the exhibits, not in form, as if the issues were submitted and the case tried on the merits. On June 21, 1957, the court filed and entered a "Corrected Findings of Fact and Conclusions of Law" in which the court again reviewed the facts as stipulated, and concluded that the water lease was executed as consideration for the loan and for interest on the same and was in the nature of security and was determinable at the time of the payment of the indebtedness and that plaintiff was entitled to a release and cancellation of the water lease. Judgment was entered for defendant on his second counterclaim in the sum of twenty-five dollars.

It is here contended that the court erred in not granting defendant's motion for summary judgment against plaintiff on the ground that the complaint does not state a claim upon which relief can be granted; that the trial court erred in entering original findings of fact and conclusions of law and corrected findings and conclusions as there is no evidence to support the same; that the trial court erred in granting plaintiff's motion to correct the findings and conclusions in that the motion for that purpose was not filed within the period of time limited under the Rules of Civil Procedure; and that the trial court erred in holding that plaintiff's claim was not barred by the several statutes of limitation and by laches, contending that the cause of action arose in 1931 and not in 1956 as determined by the court.

The pleadings are in accord that the water lease was executed as consideration for the loan and in lieu of interest on the Wills' indebtedness. It follows that when the loan was fully paid, as is admitted, no further payments of interest accrued. The complaint did state a claim upon which relief could be granted. *Seebree v. Thompson,* 31 Ky. Law Rep. 1146, 104 S.W. 781.

There were no controverted material issues of fact, and the admitted facts were as follows: The water lease was

executed contemporaneously with the loan, mortgage and notes and as consideration for the loan. It did not provide for rental payments on the water and was not signed by the defendant as lessee. The notes did not show entries of interest paid thereon and the parties stipulated the reasonable value of the use of the water, which was ample to cover the interest accruing on the loan.

The substantive inquiry is: Was the water lease mutually beneficial to both parties aside from the loan to the extent that the loan was merely incidental to the lease, or was the lease executed as consideration for the loan and beneficial only to one of the parties? If the former, the lease may be enforced according to its express terms. If the latter, the lease terminates upon repayment of the loan. To hold otherwise would result in excessive oppressive consideration. See *Continental National Bank v. Fleming,* 170 Mich. 624, 134 N.W. 656.

As to defendant's contention that there is no evidence to support the findings and conclusions of the trial court, we have considered the record and conclude that facts and exhibits therein stipulated are ample to justify the findings of the trial court holding:

"That the entire transaction * * *, was a security transaction, including the lease of the water in the reservoir. The lease of such water, which is the subject matter of this action, was in the nature of security and was a part of a security transaction, which was intended to be and was properly determinable at the time of the payment of the indebtedness secured by the mortgage and the water lease, and should have been released and cancelled by defendant when the loan was paid. Viewing the entire matter in the light most favorable to the defendant, the Court can only conclude that the water lease was made in consideration for the interest on the loan and for making the loan, and further exaction of payments from plaintiff must conclude upon full repayment of the loan."

The record before the trial court was ample to support the judgment in favor of plaintiff.

To support defendant's contention that the amended or corrected findings and conclusions were not filed within the period provided by our Rules he submits that under Rule 60 (a) R.C.P. Colo. this was not a clerical mistake and that Rule 60 (b) does not control. He insists that the proper rule is Rule 59 (e) which provides that a motion to alter or amend the judgment must be filed within ten days after entry of the judgment. The trial court filed its findings and conclusions and mistakenly and inadvertently stated that neither party had requested rulings on their motions for summary judgment and entered judgment as though the case had been tried on its merits.

Before the issuance of a writ of error plaintiff filed a motion under Rule 60 to correct this mistake. The trial court readily admitted its error, vacated the findings, conclusions and judgment and entered the indentical judgment on the two motions for summary judgment.

Rule 60 R.C.P. Colo. provides: "(a) Clerical Mistakes. Clerical mistakes in judgment, * * * may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or a writ of error, such mistakes may be so corrected before the case is docketed in the appellate court, * * *

"(b) Mistake; Inadvertence; * * * On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, * * *₁ for the following reasons: (1) Mistake, inadvertence, * * *. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than 6 months after the judgment, * * * was entered * * *."

It is manifest that the original findings and judgment were entered under the misapprehension that this was a trial rather than a determination based upon the two motions for summary judgment. If this was a cleri-

cal error, the motion was filed before the case was docketed on error in this court. If a judicial mistake or inadvertence the record was corrected long before the six months expired under Rule 60(b). There is considerable authority for denominating this a clerical mistake. See Annotations in 67 A.L.R. 847, 10 A.L.R. 620 and 49 C.J.S. 449. See, also, *In Re Goldberg's Estate,* 10 Cal. 2nd 709, 76 P. (2d) 509; *Caruso v. Metropolitan 5 to 50 Cent Store,* 212 NYS 199, *Mink v. Keim,* 21 NYS 2nd 769.

■ Lastly we dispose of defendant's contention that the plaintiff's claim is barred by laches and the several statutes of limitations above cited. To support this argument defendant contends that the trial court held that the lease was void because in violation of the usury statute of Colorado, and being a usurious contract when made, and the lease being executed in 1931, it was, therefore, usurious and void on that date. Hence, it is argued that the claim arose in 1931 and not in 1956. Defendant is hardly in a position to urge that he exacted usury. However, the trial court did not hold that the transaction was usurious but did hold that the lease was given as consideration, and as security for the loan. The plaintiff had no claim for cancellation of the lease until the loan was paid and demand for such a release admittedly made in 1956. The complaint was filed in 1957, less than one year after this demand. The statutes of limitation relied on are inapplicable. There is no claim that defendant changed his position in reliance upon the perpetuity of the lease, or that he is prejudiced by termination of the lease upon discharge of all loan obligations, which act evaporated all right or interest he had in the subject property to which the water right is appurtenant, hence the doctrine of laches can avail the defendant nothing.

The judgment is affirmed.