STATE FARM MUTUAL AUTO
INSURANCE COMPANY,
Plaintiff–Appellee,

v.

Raymond C. SPRINGLE,
Defendant–Appellant.

No. 92CA1485.

Colorado Court of Appeals,
Div. C.

Oct. 7, 1993.

Rehearing Denied Nov. 18, 1993.

Certiorari Denied April 11, 1994.

Retherford, Mullen, Rector & Johnson, Joseph F. Bennett, Colorado Springs, for plaintiff-appellee.

Norton Frickey & Associates of Colorado Springs, P.C., Michael S. Kocel, John C. Carey, Colorado Springs, for defendant-appellant.

Opinion by Judge PIERCE.

The sole issue in this declaratory judgment action is when the statute of limitations commenced to run on a claim for underinsured benefits under an automobile insurance policy. Defendant, Raymond C. Springle, appeals from the summary judgment entered in favor of plaintiff, State Farm Mutual Automobile Insurance Company, which determined that Springle's claim for benefits was time-barred. We reverse and remand.

The complaint alleged that, in July 1987, an automobile owned and operated by Springle was involved in an accident when it was hit by a car driven by Abbie Casias. It further alleged that, at the time of the collision, Springle's vehicle was insured by State Farm under a policy which provided underinsured motorist coverage up to $100,000 per person. State Farm was also the liability insurance carrier for the Casias vehicle under a policy with a $25,000 liability limit.

According to the complaint, Casias settled Springle's personal injury liability claim for $25,000 in November 1989.

In August 1991, Springle's counsel wrote to State Farm demanding arbitration of Springle's claim for underinsured motorist benefits for injuries suffered in the accident. State Farm then brought this declaratory judgment action to determine when Springle's claim for underinsured motorist benefits arose. State Farm asserted that the claim arose on the date of the accident and was, therefore, barred by the three-year statute of limitations for contract claims, § 13–80–101(1)(a), C.R.S. (1987 Repl.Vol. 6A).

Springle filed an answer admitting most of the factual allegations but denying State Farm's assertions as to when the claim for underinsured motorist benefits accrued.

Springle then filed a motion for summary judgment which asserted that the contract

statute of limitations had not yet run. Springle's contention was that no underinsured motorist benefits were payable under the policy until the liability claim against Casias had been settled. He further asserted that his demand for arbitration of the underinsured benefits claim was timely made within two years after the Casias settlement.

State Farm filed a cross-motion for summary judgment asserting that there were no disputed issues of fact and that Springle's claim was barred by the three-year statute of limitations for contract actions because his demand for arbitration was made four years and one month after the accident.

The trial court agreed with State Farm's contention and granted its cross-motion for summary judgment.

Both parties agree that the applicable statute of limitations here is § 13–80–101(1)(a), C.R.S. (1987 Repl.Vol. 6A), which provides that all contract actions shall be commenced within three years after the cause of action accrues. No issue is raised as to whether the court or the arbitrator should rule on the statute of limitations questions. *See Thomas v. Farmers Insurance Exchange*, 857 P.2d 532 (Colo.App.1993). Also, we assume that the General Assembly equates "cause of action" with "claim for relief." *See* C.R.C.P. 8(a) and *Smith ex rel. Leech v. Mills*, 123 Colo. 11, 225 P.2d 483 (1951).

Springle contends that the trial court erred in concluding that his contractual claim for underinsured motorist benefits arose on the date of the accident. In support of this contention, he argues that a claim for breach of contract does not accrue until the breach is discovered or reasonably should have been discovered. He further argues that, under the terms of his policy with State Farm, no underinsured benefits could exist, and no claim could accrue, until payment had been made by Casias' liability carrier. We agree.

■ Our supreme court has held that insurance policies are contracts which must be construed to carry out the intent of the parties. Further, wherever possible, the parties' intent must be ascertained from the policy language alone. *Allstate Insurance Co. v. Starke*, 797 P.2d 14 (Colo.1990).

■ Section 13–80–108(4), C.R.S. (1987 Repl.Vol. 6A) provides that a cause of action

for obligation, money owed, or performance shall be considered to accrue on the date such obligation, money owed, or performance becomes due. Finally, § 13–80–108(6), C.R.S. (1987 Repl.Vol. 6A) provides that a claim for breach of any contract shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence.

■ Here, Springle's policy with State Farm contained the following provision in the Underinsured Motor Vehicle coverage section:

If the vehicle involved in the accident is an underinsured motor vehicle as described, THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS.

Thus, by its express terms, Springle's policy afforded no coverage for underinsured motorist benefits, and no contractual claim could accrue, until Springle obtained settlement under Casias' liability policy.

We find further support for our conclusion in the most recent decisions of other state courts addressing similar issues, such as *Blutreich v. Liberty Mutual Insurance Co.*, 170 Ariz. 541, 826 P.2d 1167 (App.1991). There, the Arizona Court of Appeals held that the contractual statute of limitations began to run on a claim for underinsured motorist benefits when the insurer refused to pay benefits, not on the date of the accident. In so holding, the court declared that, by 1990, the overwhelming majority of courts which had addressed this question had concluded that the limitations period began to run upon some event constituting a breach by the insurer. We agree that this is the better rule and adopt it here as our own. *See* 1 A. Widiss, *Uninsured & Underinsured Motorist Insurance* § 16.7 (2d ed. 1992); Annot., A.L.R.3d 580 (1969). Accordingly, we reject State Farm's contention that the contractual limitation period began to run on the date of the accident.

Because it is undisputed that Springle received the settlement payment under Casias' liability policy on November 28, 1989, that Springle continued to receive medical treat-

ment for his injuries, and that Springle's counsel demanded arbitration of the underinsured motorist claim on August 1, 1991, we conclude that Springle's claim for underinsured motorist benefits was timely.

The summary judgment is reversed, and the cause is remanded to the trial court with directions to enter judgment declaring defendant's action to be timely filed.

METZGER and NEY, JJ., concur.