**Molly GALUSHA, Plaintiff,**

v.

**FARMERS INSURANCE EXCHANGE, et al., Defendants.**

No. 93–C–325.

United States District Court, D. Colorado.

Feb. 18, 1994.

Marc Levy, Englewood, CO, for plaintiff.

Lloyd Kordick, Colorado Springs, CO, for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff Molly Galusha, a Colorado resident, commenced this action against Farmers Insurance Exchange, a California corporation; Farmers Group, Inc., a Nevada corporation; and Farmers Insurance Group, Inc. (collectively Farmers). Ms. Galusha asserts bad faith in connection with Farmers' handling of a claim in an underlying case. Defendants have filed a motion for summary judgment, as well as a motion to dismiss and/or for summary judgment. Plaintiff has responded by opposing those motions.

The issues have been fully briefed and oral argument would not materially facilitate the decision process. Jurisdiction is alleged under 28 U.S.C. § 1332.

## I. BACKGROUND.

Ms. Galusha held a $100,000 underinsured motorist (UIM) policy with Farmers. On December 13, 1985, she was involved in a car accident with Gregory Brunson, who held a $50,000 liability policy with Farmers. On January 16, 1986, Ms. Galusha notified Farmers of her claim against Mr. Brunson. On September 16, 1988, she notified Farmers that she intended to file a UIM claim as well.[1]

Ms. Galusha asserts that Farmers: (1) agreed to have attorney Cuba Hollaway arbitrate her claims, but later breached that agreement; (2) misrepresented in discovery that Mr. Brunson was insured by a $100,000 policy, thus mooting her UIM claim; (3) failed to pay a $37,000 arbitration award; and (4) refused to respond to her inquiries regarding coverage.

## II. FARMERS' MOTION FOR SUMMARY JUDGMENT.

Farmers has moved for summary judgment, asserting that Farmers did not owe Ms. Galusha a duty of good faith and fair dealing, there is no bad faith as a matter of law, and some or all of Ms. Galusha's claims are barred by the statute of limitations.

### A. Duty of Good Faith and Fair Dealing.

Farmers contends that in the underlying case, Ms. Galusha was a third party to whom it did not owe a duty of good faith and fair dealing; thus, her bad faith claim should be dismissed. Ms. Galusha responds that she was a third party with respect to her claim against Mr. Brunson, but a first party with respect to her UIM claim, from which Farmers' duty of good faith and fair dealing arises.

Whether a defendant owes a legal duty to a plaintiff is a question of law. *Bath Excavating & Constr. v. Wills*, 847 P.2d 1141, 1147 (Colo.1993). The duty of good faith and fair dealing is implied in every insurance policy and is based upon the special relationship between the insurer and the insured. *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138, 1141 (Colo.1984). Thus, the duty does not extend to injured third-party claimants. *Schnacker v. State Farm Mut. Auto. Ins.*, 843 P.2d 102, 105 (Colo.Ct.App. 1992).

When both the tortfeasor and the injured party are insured by the same insurer, however, the question whether the insurer owes a duty of good faith and fair dealing to the injured party becomes more difficult. Nevertheless, courts almost universally hold that the insurer does not owe such a duty to the injured party when she asserts a third-party claim against the tortfeasor. *Herrig v.*

---

1. She also commenced a negligence action against Mr. Brunson in district court.

*Herrig,* 844 P.2d 487, 491 (Wyo.1992) (citing cases). To hold otherwise places the insurer in the untenable position of owing a duty of good faith to both the insured tortfeasor and his adversary. *Id.*

Ms. Galusha has asserted a third-party claim against Mr. Brunson; thus, I conclude that Farmers did not owe her a duty of good faith and fair dealing with respect to that claim. However, Ms. Galusha also has asserted a first-party UIM claim. Farmers did owe Ms. Galusha a duty of good faith and fair dealing in its handling of *that* claim.

Ms. Galusha's allegations of bad faith relate at least in part to Farmers' handling of her UIM claim. Accordingly, Farmers' motion for summary judgment on the ground that it did not owe Ms. Galusha a duty of good faith and fair dealing will be denied[2] as to this aspect of the case.

 Next, Farmers asserts that, if it owed Ms. Galusha a duty of good faith and fair dealing, that duty was suspended when she requested arbitration of her claims.

The Colorado Court of Appeals has stated that, "although the insurer's duty of good faith and fair dealing continues unabated during the life of the insurer-insured relationship, any *obligation to negotiate* as a *reflection* of good faith may be suspended temporarily by . . . a request for arbitration." *Bucholtz v. Safeco Ins. Co. of Am.,* 773 P.2d 590, 592–93 (Colo.Ct.App.1988) (emphasis added).

Thus, Farmers overstates the *Bucholtz* holding. Farmers' obligation to attempt a negotiated settlement was suspended by Ms.

Galusha's request for arbitration, but its duty of good faith and fair dealing was not.

Ms. Galusha has not alleged that Farmers acted in bad faith by failing to attempt a negotiated settlement. Accordingly, Farmers' motion for summary judgment on the ground that the duty of good faith and fair dealing was suspended when Ms. Galusha requested arbitration of her claims also will be denied.

### B. *No Bad Faith as a Matter of Law.*

Next, Farmers asserts that Ms. Galusha has failed to allege facts showing (1) that Farmers acted unreasonably, and (2) that it knew of or recklessly disregarded the unreasonableness of its conduct; thus, her claim should be dismissed under Fed.R.Civ.P. 12(b)(6).

 Dismissal of a claim pursuant to Fed.R.Civ.P. 12(b)(6) is proper if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a Rule 12(b)(6) motion, the complaint must be construed liberally, *Shoultz v. Monfort of Colo., Inc.,* 754 F.2d 318 (10th Cir.1985), *cert. denied,* 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 569 (1986), and its factual allegations are assumed to be true. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

 The Colorado Supreme Court has held that a first-party claim for bad faith requires a finding of unreasonable conduct on the part of the insurance company, as well as knowledge of or reckless disregard for the fact that the conduct is unreasonable. *Trav-*

---

2. Farmers also argues that Ms. Galusha's claim should be dismissed under the authority of *State Farm v. Springle,* 870 P.2d 578 (Colo.Ct.App. 1993).

In *Springle,* the sole issue was when the statute of limitations commenced to run on a claim under a UIM policy. *Id.* at 579. The court concluded that the statute commenced to run upon some event constituting a breach by the insurer. *Id.* at 579. To determine when that breach occurred, the court examined the specific language of the UIM policy. The policy stated, "THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY

LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENT OF JUDGMENTS OR SETTLEMENTS." *Id.* at 579. Thus, the court held that "by its express terms, [plaintiff's] policy afforded no coverage for underinsured motorist benefits, and no contractual claim could accrue, until [plaintiff] obtained settlement under [the tortfeasor's] liability policy." *Id.*

Farmers has not demonstrated that Ms. Galusha's UIM policy contained language similar to the language relied upon by the court in *Springle.* Accordingly, I decline to dismiss Ms. Galusha's claim on this ground.

*elers Insurance Co. v. Savio,* 706 P.2d 1258, 1275 (Colo.1985); *see also* Colo.Rev.Stat. § 10–3–1113(c). The reasonableness . of an insurer's conduct is based upon objective standards of conduct in the insurance industry. *Savio,* 706 P.2d at 1275.

■ Ms. Galusha has alleged that Farmers breached an arbitration agreement, misrepresented the amount of Mr. Brunson's coverage, failed to pay an arbitration award, and refused to respond to her inquiries regarding coverage. It does not appear beyond doubt from the face of the complaint that Ms. Galusha can prove no set of facts in support of her bad faith claim that would entitle her to relief. Thus, Farmers' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.

Farmers also has moved for summary judgment, however, asserting that there was no bad faith as a matter of law.

■ Summary judgment is proper if the pleadings, depositions and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a properly supported summary judgment motion may not rest upon mere allegations of the complaint, but must set forth evidence of specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under governing law, its resolution might affect the action's outcome. A factual dispute is genuine only if a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

■ Thus, the question is whether Ms. Galusha has set forth evidence of specific facts showing that there is a genuine issue for trial as to whether Farmers breached its duty of good faith and fair dealing in handling her UIM claim.

First Ms. Galusha alleges that Farmers agreed to have attorney Cuba Hollaway arbitrate her claims, but that Farmers later breached that agreement, stating that Mr. Hollaway was not acceptable as an arbitrator. Farmers responds that it met Ms. Galusha's September 29, 1988 offer to arbitrate her claims with a counteroffer, and that both proposals were nothing more than preliminary negotiations.

Under Colorado law, when an offeree meets an offer with a counteroffer, no contract exists. "Unless the proposition made by one is accepted by the other, *without any modification whatever,* no contract arises." *Baldwin v. Peters, Writer & Christensen,* 141 Colo. 529, 349 P.2d 146, 147 (1960) (emphasis in original); *see also Goodwin v. Eller,* 127 Colo. 529, 258 P.2d 493, 496 (1953) ("[A] proposal to accept, or an acceptance upon terms varying from those offered, is a rejection of the offer....") (quoting *Iselin v. United States,* 271 U.S. 136, 46 S.Ct. 458, 70 L.Ed. 872 (1926)).

Ms. Galusha's attorney's assistant, James C. McAfee, has admitted that Farmers, by letter dated October 13, 1988, "attempted to add several conditions to our agreement to arbitrate."[3] In addition, Ms. Galusha's attorney has asserted that Farmers' October 13 letter "outline[s] conditions under which Farmers *would* be willing to agree to arbitration." (Pla.'s Ex. 11 (emphasis added).) Finally, a letter from Farmers' counsel to Mr. McAfee dated January 17, 1989 states, "If we can[not] clear up the misunderstandings along the lines I've outlined, ... you will have to proceed with a civil suit against Mr. Brunson...." (Pla.'s Ex. 13.)

Ms. Galusha has presented no evidence that supports a finding that her offer was not legally rejected when Farmers' counteroffer was made. Thus, I conclude that no arbitration agreement existed for Farmers to breach. Ms. Galusha's allegation that Farmers breached an arbitration agreement, therefore, cannot provide the basis for her bad faith claim.

Second, Ms. Galusha alleges that Farmers misrepresented that Mr. Brunson was in-

**3.** Ms. Galusha has presented Farmers' October 13 letter, which states, "We are agreeing to bind-ing arbitration *under the following conditions.*" (Emphasis added.)

sured by a $100,000 policy, rather than a $50,000 policy, thus mooting her UIM claim. The alleged misrepresentation, however, did not occur in the context of Farmers' handling of Ms. Galusha's UIM claim. Rather, it was a discovery response in connection with Ms. Galusha's state court negligence action against Mr. Brunson. Thus, Farmers did not breach its duty of good faith and fair dealing by misrepresenting the amount of Mr. Brunson's policy and Ms. Galusha cannot rely upon the alleged misrepresentation as the basis for her bad faith claim.

Third, Ms. Galusha alleges that, although the arbitrator awarded her approximately $37,000 in damages, "Farmers has taken no steps to pay" that award. Farmers responds that Ms. Galusha's allegation is unfounded, groundless, and frivolous.

It is undisputed that on February 9, 1993—five days after the arbitrator awarded Ms. Galusha interest on her damage award, as well as costs—Farmers contacted Ms. Galusha's attorney, stating, "[W]e are prepared immediately to pay to you on behalf of Molly Randolph [the plaintiff's married name] the amount of $64,305.56, which is the total amount awarded in all categories by [the arbitrator,] if you are willing to have her execute a full Release and Stipulation to Dismiss the pending case. . . ." It also is undisputed that on February 25, 1993, Farmers deposited that amount into the court registry. Finally, it is undisputed that on March 3, 1993 the parties stipulated, and the district court ordered, that Ms. Galusha could withdraw the $64,305.56 upon execution of a *partial* satisfaction of judgment.[4]

In light of these facts, I conclude that Ms. Galusha's allegation that "Farmers has taken no steps to pay" the arbitrator's award of damages indeed is groundless and, thus, cannot provide the basis for her bad faith claim.

Finally, Ms. Galusha alleges that Farmers refused to respond to her inquiries regarding coverage. Specifically, she contends that her attorneys received no response to their inquiries why Farmers had represented at one time that Mr. Brunson's coverage was $50,-000 and another time that his coverage was $100,000. Farmers' alleged refusals to respond, however, did not occur in the context of its handling of Ms. Galusha's UIM claim. Accordingly, she cannot rely on them as the basis for her bad faith claim.

Ms. Galusha has failed to raise a genuine issue as to whether Farmers breached its duty of good faith and fair dealing in its handling of her UIM claim. She has not set forth evidence suggesting that Farmers acted unreasonably in its handling of that claim, or that Farmers knew of or recklessly disregarded the unreasonableness of its conduct. Accordingly, Farmers' motion for summary judgment on the ground that there was no bad faith as a matter of law will be granted.[5]

### III. *FARMERS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT.*

Farmers has moved to dismiss and/or for summary judgment, asserting that Farmers Group, Inc. and Farmers Insurance Group, Inc. are not appropriate defendants.

Because I have decided to grant the defendants' summary judgment motion on the ground that there was no bad faith as a matter of law, the motion to dismiss and/or for summary judgment will be denied as moot.

Accordingly IT IS ORDERED that:

(1) Defendants' motion for summary judgment is granted;

(2) Defendants' motion to dismiss and/or for summary judgment is denied as moot;

(3) Judgment shall enter in favor of the defendant and against the plaintiff; and,

---

4. Ms. Galusha had been unwilling to execute a full liability release because she planned to challenge the arbitrator's calculation of costs and interest.

5. Because I have decided to grant the defendants' summary judgment motion on the ground that there was no bad faith as a matter of law, I need not address whether some or all of Ms. Galusha's claims were barred by the statute of limitations, nor whether Farmers Group, Inc. and Farmers Insurance Group, Inc. are appropriate defendants.

(4) Plaintiff's complaint and action are dismissed with prejudice.