**FARMERS INSURANCE EXCHANGE,**
**Plaintiff–Appellant and Cross–**
**Appellee,**

v.

**AMERICAN MANUFACTURERS MUTU-**
**AL INSURANCE COMPANY, Defen-**
**dant–Appellee and Cross–Appellant.**

No. 93CA1889.

Colorado Court of Appeals,
Div. IV.

April 27, 1995.

Rehearing Denied May 25, 1995.

Levy & Lambdin, P.C., Marc R. Levy, Bradford L. Buchanan, Stuart D. Morse, Englewood, for plaintiff-appellant and cross-appellee.

Fortune & Lawritson, P.C., Lowell Fortune, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge PLANK.

Plaintiff, Farmers Insurance Exchange (Farmers), appeals the summary judgment entered in favor of defendant, American Manufacturers Mutual Insurance Company (American), and the trial court's order granting American's motion for post-judgment relief. American cross-appeals the trial court's order concerning a determination of law. We affirm.

Farmers filed this lawsuit to recover from American the costs Farmers incurred in defending a person covered under a liability insurance policy issued by American. The underlying lawsuit arose out of an automobile accident on February 13, 1987, when a pick-up truck owned by Allen Green's wife and covered under a policy issued by American was struck by a vehicle driven by Patrick Jackson. As a result of the accident, Green, allegedly a passenger in the pick-up truck, filed a lawsuit against Jackson and William Barton, who he alleged was driving the pick-up truck at the time of the accident.

On September 18, 1987, Jackson filed a cross-claim against Barton, also alleging that Barton was driving the pick-up truck at the time of the accident. (Green's action was ultimately dismissed and only the cross-claim remained viable.)

On January 12, 1988, American informed Barton that it would no longer provide his defense in the lawsuit because he had provided American with a sworn statement that, in fact, Green, who was excluded from coverage under American's liability policy, was the driver of the pick-up truck.

On April 14, 1988, Farmers informed American in writing that it was Farmers' position that American, as the primary insurer, still owed Barton a defense in the lawsuit. Farmers, as Barton's liability insurer, then began incurring expenses and attorney fees for Barton's defense no later than April 30, 1988. Farmers expended approximately $27,907 in providing this defense.

On March 21, 1990, the jury in the underlying case determined that Barton was in fact the driver of the pick-up truck at the time it was involved in the accident. Farmers commenced this action on March 16, 1992.

In this action, Farmers filed a motion for summary judgment on the grounds that American, as a matter of law, owed a duty to provide a defense in the underlying lawsuit. The trial court granted summary judgment in favor of Farmers on May 5, 1993. Meanwhile, on May 4, 1993, American filed its own motion for summary judgment on the grounds that the statute of limitation barred Farmers' claim. The court was unaware of this filing at the time it granted summary judgment in favor of Farmers.

On May 20, 1993, American filed a motion for post-judgment relief under C.R.C.P. 59 or alternatively under C.R.C.P. 60(b)(5), arguing that the trial court's summary judgment entered in favor of Farmers was not dispositive of the case, as American's motion for

summary judgment on an affirmative defense was still pending.

On July 27, 1993, 68 days later, the trial court granted American's motion for post-judgment relief, vacating the order granting summary judgment in favor of plaintiffs and modifying it to designate it as an "Order re: Determination of Law Pursuant to C.R.C.P. 56(h)." The court then granted summary judgment in favor of American on its affirmative defense of the statute of limitation. This appeal followed.

## I.

■ Farmers first contends that the trial court did not have jurisdiction to grant American's motion for post-judgment relief because the motion was automatically deemed denied after 60 days pursuant to C.R.C.P. 59(j). We disagree that the trial court lacked jurisdiction to rule on American's motion.

It is true that a motion pursuant to C.R.C.P. 59 is automatically deemed denied after 60 days, at which point the time for filing a notice of appeal begins to run. *See* C.R.C.P. 59(j). However, American's motion asked for relief alternatively under C.R.C.P. 60(b)(5), which has no such time restriction. *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987).

Further, even if we assume that the trial court did not have the authority to act under the narrow equitable grounds provided in C.R.C.P. 60(b)(5), the court had the authority under C.R.C.P. 60(a) to vacate the judgment on its own motion and rule on American's motion for summary judgment because the court was unaware that American's motion was pending at the time it entered judgment in favor of Farmers. *See Reasoner v. District Court,* 197 Colo. 516, 594 P.2d 1060 (1979); *Lohr v. Wills,* 141 Colo. 216, 347 P.2d 518 (1959).

## II.

Farmers next contends that the trial court erred in concluding that the statute of limitation barred its claim, specifically, that it erred in its determination of the date upon which Farmers' claim accrued. Farmers ar-

gues that its claim did not accrue until March 21, 1990, when the jury in the underlying action determined that Barton was the driver of the pick-up truck. We are unconvinced.

■ " 'The actual liability of the insured to the claimant is not the criterion which places upon the insurance company the obligation to defend.' Rather, the obligation to defend arises from allegations in the complaint, which if sustained, would impose a liability covered by the policy." *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083, 1089 (Colo.1991). Thus, even if the jury in the underlying action had determined that Barton was *not* the driver of the pick-up truck, American would still have an obligation to have provided him a defense in that action, a contractual duty which was triggered by the allegations in the complaint.

■ The trial court properly determined that American's contractual duty to provide Barton's defense arose as a result of his being named as the driver of the pick-up truck in the underlying action. When American withdrew its defense, it breached this duty. Thus, as soon as Farmers learned of the breach and expended monies to defend Barton, its claim under the insurance contract accrued. *See* § 13–80–108(6), C.R.S. (1987 Repl.Vol. 6A); *State Farm Mutual Auto Insurance Co. v. Springle,* 870 P.2d 578 (Colo.App.1993) (a claim for breach of any contract accrues on the date the breach is discovered or should have been discovered through reasonable diligence).

■ Thus, because the cause of action arose out of a nonperformance of contractual duties, it accrued at the latest on April 30, 1988, when Farmers first expended monies to defend the named driver. The court did not err, therefore, in concluding that the relevant statute of limitation had run because Farmers' claim had accrued nearly four years prior to its filing this lawsuit in March 1992. *See* § 13–80–101(1)(a), C.R.S. (1987 Repl.Vol. 6A); *State Farm Mutual Auto Insurance Co. v. Springle, supra* (three-year limitation period for cause of action arising out of a contract).

Finally, in the trial court, Farmers asserted that American should be estopped from claiming the statute of limitation as a defense because Farmers had acted honorably and in good faith in undertaking Barton's defense. The trial court concluded that this alone was not a proper basis for applying the doctrine of equitable estoppel to American's actions, and Farmers failed to allege and demonstrate the elements necessary for such a claim. *See Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984). We agree with the trial court.

Although Farmers expands on this argument on appeal, the new points it raises are factual in nature. Therefore, since they were not presented to the trial court for a ruling, we cannot address them for the first time on appeal. *See Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979) (an appellate court may not substitute itself as the finder of fact).

Farmers also claims that it could not have filed the lawsuit until the jury determined that Barton was the driver of the pick-up truck because of a "no-action" clause in the policy provided by American and that American's breach of its duty to defend was a continuing breach rather than a breach that arose on a single, specific date. As neither of these issues was presented to the trial court for a ruling, they are not properly before us on appeal. *See Wilson v. Board of County Commissioners*, 703 P.2d 1257 (Colo. 1985).

In light of our conclusions above, we do not address the issues raised by American in its cross-appeal or Farmers' request for attorney fees.

The trial court's order granting American's motion for post-judgment relief and the summary judgment in favor of American are affirmed.

NEY and RULAND, JJ., concur.