Thomas BROWN, Plaintiff–Appellant,

v.

AMERICAN FAMILY INSURANCE GROUP and American Family Mutual Insurance Company, Defendants–Appellees.

No. 98CA0309.

Colorado Court of Appeals,
Div. IV.

April 1, 1999.

Rehearing Denied May 13, 1999.

Certiorari Denied Dec. 13, 1999.

James A. Carleo, Pueblo, Colorado; Lloyd C. Kordick, Colorado Springs, Colorado, for Plaintiff–Appellant.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, Colorado, for Defendants–Appellees.

Opinion by Judge RULAND.

In this declaratory judgment action, plaintiff, Thomas Brown (insured), appeals from an order dismissing his claim for underinsured motorist (UIM) benefits from defendants, American Family Insurance Group and American Family Mutual Insurance Company (American Family). We affirm.

The facts are undisputed. Plaintiff was involved in a motor vehicle accident in July 1991. The other driver had liability insurance limited to $100,000 per accident. Plaintiff entered into a settlement of his claim against the other driver for $77,500 in January 1992.

At the time of the accident, plaintiff had a policy with American Family that provided UIM benefits in the amount of $250,000. In February 1996, plaintiff made a demand for UIM benefits from American Family. American Family denied the claim, asserting, among other things, that it was barred by a three-year statute of limitations. The trial court agreed, and this appeal followed.

## I.

Plaintiff contends that the trial court erred in concluding that his claim was barred by either the specific statute of limitations for uninsured/underinsured motorist benefits, § 13–80–107.5, C.R.S.1998, or by the general statute of limitations, § 13–80–101, C.R.S. 1998. We agree with the court's ruling on the general statute of limitations.

### A.

American Family concedes, and we agree, that the specific statute of limitations for uninsured/underinsured motorist benefits now contained in § 13–80–107.5 does not apply to this action.

In enacting § 13–80–107.5, the General Assembly provided that: "This act shall take effect July 1, 1994, and shall apply to any motor vehicle accident occurring on or after said date." Colo. Sess. Laws 1994, ch. 348, § 6 at 2826. Since the accident in this case occurred in 1991, § 13–80–107.5 does not apply. *See Samples–Ehrlich v. Simon,* 876 P.2d 108 (Colo.App.1994)(statute of limitations in effect at time claim accrues is controlling).

### B.

The statute of limitations for UIM benefit claims on accidents occurring prior to July 1, 1994, is the three-year general statute of limitations found in § 13–80–101. *State Farm Mutual Automobile Insurance Co. v. Springle,* 870 P.2d 578 (Colo.App.1993).

Contrary to plaintiff's contention, we agree with the trial court that plaintiff's claim for UIM benefits accrued under the general statute of limitations at least by the time he settled his claim with the other driver. As a result, his action was barred by § 13–80–101.

Pursuant to § 13–80–108(4), C.R.S. 1998, a cause of action for debt, obligation, money owed, or performance accrues on the date such debt, obligation, money owed, or performance becomes due. A claim for payment of UIM benefits represents a claim for money owed under this statute. *See Free-*

*man v. State Farm Mutual Automobile Insurance Co.,* 946 P.2d 584 (Colo.App.1997).

To determine when plaintiff knew or should have known that his cause of action against American Family had accrued, we turn to the insurance policy itself. The policy provides that it will pay for "bodily injury which an insured person is legally entitled to recover from the owner or operator of an ... underinsured motor vehicle." It further provides:

> Underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury liability limits less than the damages you are legally entitled to recover.

Thus, by the terms of the policy, plaintiff's cause of action accrued by the time of their settlement. Plaintiff knew by then that the other driver was underinsured. However, plaintiff waited over four years before seeking any UIM benefits that may have been owed to him under the American Family policy. Under these circumstances, we conclude that plaintiff's action was barred by the three-year statute.

To the extent that *Springle* may be read as also holding that the statute begins to run on the date that the insurance carrier denies the claim for benefits, we decline to follow it.

The salutary purpose of the statute of limitations is to "promote justice by discouraging long delays, prohibiting the prosecution of stale claims, and providing closure to the parties." *Shootman v. Department of Transportation,* 926 P.2d 1200, 1207 (Colo. 1996).

Here, there is no assertion that equitable tolling should apply. *See Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094 (Colo.1996). Further, if we were to hold that the statute is triggered only when the carrier refuses payment, such would allow the claimant to present his demand at any time after the settlement. This would effectively eliminate the statute of limitations and frustrate its purpose. A statute should not be construed to reach an absurd result. *See* § 2-4-201, C.R.S.1998; *State Engineer v. Castle Meadows, Inc.,* 856 P.2d 496 (Colo.1993).

Accordingly, because American Family's obligation to plaintiff accrued when he settled his claim against the driver over four years before he filed the claim here, the period for seeking recovery on that claim has expired.

The judgment is affirmed.

Judge NEY and Judge ROTHENBERG concur.