**UNION PACIFIC RAILROAD COMPA-NY, as successor in interest to the Denver and Rio Grande Western Railroad Company, Plaintiff–Appellant,**

v.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; Certain London Market Insurance Companies; and Michigan Mutual Insurance Company, Defendants–Appellees.**

No. 00CA0965.

Colorado Court of Appeals, Division A.

Nov. 8, 2001.

Union Pacific Railroad Company, Steven E. Napper, Denver, CO; James P. Gatlin, Omaha, Nebraska; Jenner & Block, LLC, Richard J. Gray, Brent D. Stratton, Margot Kelin, Chicago, IL, for Plaintiff–Appellant.

Long & Jaudon, P.C., Stephen Hopkins, Walter N. Houghtaling, Denver, CO; Lord, Bissell & Brook, Terry R. Howell, Hugh C. Griffin, Steven D. Moore, Atlanta, GA, for Defendants–Appellees Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies.

Markusson, Green & Jarvis, P.C., James K. Green, Henry A. Sand, Denver, CO; Kelley, Casey & Clarke, P.C., Timothy Casey, Timothy J. Clarke, Detroit, MI, for Defendant Appellee Michigan Mutual Insurance Company.

Montgomery, Kolodny, Amatuzio, Dusbabek & Parker, LLP, David C. Fawley, Denver, CO, for Amicus Curiae Insurance Environmental Litigation Association.

Opinion by Chief Judge HUME.

In this insurance coverage dispute, plaintiff, Union Pacific Railroad Company, as successor in interest to the Denver and Rio Grande Western Railroad Company (Rio Grande), appeals the district court's summary judgment entered in favor of defendants, Michigan Mutual Insurance Company

(Michigan Mutual) and Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies (London Insurers). We affirm.

This case arises out of underlying litigation between plaintiff and the United States Environmental Protection Agency (EPA). The EPA sued Rio Grande regarding potential environmental contamination at its Leadville and Lowry sites. Rio Grande entered into settlements with the EPA as to both sites, agreeing to pay costs, but denying liability. Rio Grande then sought insurance coverage from defendants and initiated this action when its claims were denied.

The district court granted partial summary judgment in favor of defendants for the Leadville site on the basis that the indemnification policies did not provide coverage where no third-party damage existed. The court also determined that Rio Grande's claims against Michigan Mutual were barred by a three-year statute of limitations and by late notice. Plaintiff appeals on all issues.

## I.

Plaintiff argues that the district court erred in requiring Rio Grande to establish actual third-party damages at the Leadville site in order to trigger coverage under the indemnification policies. We disagree.

Plaintiff argues that the insurance policies covered liability through compromise and urges us to apply a reasonable anticipation of liability standard to its settlement with the EPA. We decline to do so.

■ An insurance policy should be construed according to its plain meaning. *Cedar Lane Invs. v. St. Paul Fire & Marine Ins. Co.*, 883 P.2d 600 (Colo.App.1994). While the policies here provided coverage for expenses for which Rio Grande became liable through either adjudication or compromise, such expenses were required to be "on account of ... property damages." Thus, the policies' plain language requires a showing of property damages.

In *Browder v. United States Fidelity & Guaranty Co.*, 893 P.2d 132, 134 (Colo.1995), the supreme court expressly recognized that "a third party must suffer actual damage

within the policy period to recover under a liability policy." Here, Rio Grande denied any liability in its consent decree, and following investigation, the EPA concluded that no remedial action was necessary to protect human health or the environment.

Consequently, we perceive no error in the court's determination that plaintiff failed to establish the requisite third-party damages.

## II.

■ Plaintiff also contends that the district court erred in applying the general three-year statute of limitations to bar its Leadville and Lowry claims against Michigan Mutual and argues that a six-year statute of limitations should be applied instead. We agree with the court's ruling on the general statute of limitations.

The district court applied § 13–80–101(1)(a), C.R.S.2000, which establishes a three-year period within which to initiate any contract action, except as otherwise provided in § 13–80–103.5, C.R.S.2000. Section 13–80–103.5(1)(a), C.R.S.2000, provides a six-year period for an action to recover "a liquidated debt or an unliquidated, determinable amount of money."

We reject plaintiff's arguments based on case law interpreting now-repealed versions of the statutes of limitation, which placed insurance disputes within the six-year limit. Under the express language of the current statute, the three-year limitation applies unless plaintiff's claims fit under an exception provided in § 13–80–103.5. *See Farmers Ins. Exchange v. American Mfrs. Mut. Ins. Co.*, 897 P.2d 880 (Colo.App.1995)(applying general three-year limitation to insurance contract).

Plaintiff argues that its claims are within the exception for an unliquidated but determinable amount of money. We are not persuaded.

Although plaintiff relies upon *Rotenberg v. Richards*, 899 P.2d 365 (Colo.App.1995), for the proposition that an amount is "determinable" if the contract provides a specific method for determining the amount due, nothing in the insurance contract provides such a

method. Nor does the maximum limit of liability under the policy establish a determinable amount of money due. Thus, we conclude that the district court correctly applied § 13–80–101 to this action.

### III.

Because we have decided this appeal on other grounds, we need not address the late notice argument.

The judgment is affirmed.

Justice ERICKSON * and Judge CRISWELL * concur.