No. 28395

**Guy Reasoner, Alice Reasoner, James Reasoner, Esther Canterberry, and Ellen Cutler v. District Court, in and for Water Division No. 1, State of Colorado, and Donald A. Carpenter, duly elected, qualified and then acting District Judge in said Court**

(594 P.2d 1060)

Decided May 21, 1979.

Minor and Brown, Ned A. Minor, for petitioner.

Honorable Donald A. Carpenter, pro se.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The petitioners brought this original proceeding, pursuant to C.A.R. 21(a), seeking relief in the nature of prohibition against respondent District Court, in and for Water Division No. 1, and the Honorable Donald

A. Carpenter. We issued a rule to show cause on October 19, 1978. We now discharge that rule.

The action below, W-8612-77, was initiated by the People of the State of Colorado and the Division Engineer for Water Division No. 1. These plaintiffs sought a permanent injunction in the respondent court against the Central Colorado Water Conservancy District (CCWCD) on grounds not relevant to the proceeding here. The petitioners in this court were permitted to join as plaintiffs-intervenors in that action.

The respondent court heard the injunction matter on June 27 and 28, 1978. It issued its oral findings and order from the bench, granting the injunction. In conjunction with that ruling, the court directed the attorney for the People to prepare the written decree, setting forth his oral findings and order. Counsel for the defendants requested an extension of time for filing a motion for a new trial until "after the written opinion of the court — and we've ordered a transcript and would like to have 30 days after receipt of the transcript." The court granted the extension and issued a minute order, holding, in part, that:

"CCWCD shall have thirty (30) days after receiving the transcript of this hearing in which to file a Motion for New Trial."

The reporter's transcript of the hearing was completed and certified on July 23, 1978. The original transcript was delivered to the respondent court on July 24, and on that same day a copy of the original was delivered to CCWCD's counsel. On July 25, the written decree prepared by the People's counsel was signed by the respondent court, and the judgment was entered. Although CCWCD had been notified (on or about July 21) that the written decree had been prepared and was ready to be submitted to the court for approval, it elected to wait until the judgment had become official before taking further action.

The official decree, properly signed and entered, then "became misplaced [in the Water Court of Division No. 1] and was not mailed to the litigants until August 28, 1978." After receiving the written decree, counsel for CCWCD filed a "Statement of Clarification" on August 31. The respondent court then reviewed the written decree and determined that it did not accurately set forth the findings and order issued orally on June 28. On its own motion, the court then amended the July 25 decree to conform with its oral findings and order. This amended order was issued on August 31, 1978, and from that date forward, the court extended the time for filing a motion for a new trial for another 30 days.

On September 20, the petitioners herein appeared in the respondent court and moved that the court vacate its August 31 order and reinstate its decree of July 25. The petitioners contended there (and here) that the court lacked jurisdiction to amend its own prior decree. They argued that by the respondent's own oral ruling, minute order, and written decree, the time for filing any post-judgment motions by the defendants expired on

August 23, 1978, 30 days after the defendants received the transcript of the hearing held on June 27 and 28. Thus, they claim, the decree of July 25 became final on August 23, and the court lacked jurisdiction to further amend it.

The respondent court denied petitioner's motion to vacate, after which the petitioners filed the present original proceeding. They pray for an order from this court prohibiting the respondent from proceeding further in Case No. W-8612-77 and for an order vacating the August 31 order and reinstating the July 25 decree.

■ We do not agree that the district court lacked jurisdiction to amend its prior decree on its own motion. Such action is specifically authorized by C.R.C.P. 60(a) which reads in part:

"(a) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record *and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative . . . .*" [Emphasis added.]

The respondent court admitted in its answer to the rule to show cause that the written decree of July 25 "did in no way reflect the oral Findings of Fact and Order of the Court that was entered on June 28, 1978." Thus, the July 25 decree was not in accord with the expectations and understanding of the court and the parties, and was issued erroneously "from oversight or omission."

This case is an example of precisely the type of error that the underscored portion of Rule 60(a), *supra,* is designed to remedy. By allowing the court to amend the July 25 decree to accurately reflect the oral findings and order, the amended decree speaks the truth of the court's intent. It does no damage to the respective interests of the parties, but rather it fulfills their expectations as to what the decree was intended to say. the rule thus provides a safety valve by which courts can avoid the stubborn enforcement of an honestly mistaken judgment.

■ The petitioners' argument that C.R.C.P. 60(a) applies only to clerical mistakes, and not to judicial mistakes arising from oversight or omission, has already been rejected by this court. In *Crosby v. Kroeger,* 138 Colo. 55, 330 P.2d 958 (1958), we held that a court's omission of required interest in a judgment is an oversight capable of correction under rule 60(a). The federal courts, which follow Fed.R.Civ.P. 60(a) identical to our state rule, are in accord. *See, e.g., Kelley v. Bank Building & Equipment Corp. of America,* 453 F.2d 774 (10th Cir. 1972).

The August 31 amended decree of the respondent court is henceforth declared to be in full effect. The period of time for filing post-judgment motions shall begin to run as of the date this opinion become final.

Rule discharged.

MR. JUSTICE GROVES does not participate.