Cynthia M. ALLEN and Leland Aultman,
Plaintiffs–Appellees,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Defendant–Appellant.

No. 01CA0317.

Colorado Court of Appeals,
Div. II.

Sept. 26, 2002.

Rehearing Denied April 24, 2003.

Walter H. Sargent, P.C., Walter H. Sargent, Colorado Springs, Colorado; Norton Frickey, P.C., Robert B. Carey, Dawn R. Kubik, Colorado Springs, Colorado, for Plaintiffs–Appellees.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Anthony R. Clapp,

Englewood, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, American Family Mutual Insurance Company, appeals the judgment entered on a jury verdict in favor of plaintiffs, Cynthia M. Allen and Leland Aultman, on their claims for bad faith breach of insurance contract and willful and wanton conduct and also awarding them actual and punitive damages. We affirm.

Allen lived at the home of her employer, an American Family insurance agent, and often borrowed his pickup truck. On June 26, 1998, Allen and her employer signed a handwritten conditional sale agreement stating:

Cindy [Allen] will purchase 1986 GMC P–Up [the truck] ... for the amount of $2,600.00. With no interest charged if paid in full by Jan 31st 1999. Cindy agrees to pay for vehicle weekly, from bonus monies earned, min of $75 weekly and try for $100 weekly. To be taken from her earnings....

The end of the document stated, "Cindy Allen will totally be responsible for vehicle from June 19th, insurance, maint, gas, all allupkeep [sic]. Cindy and [employer] will go to bank later and get the title, last week end in June or first week in July."

Between June 19 and July 3, Allen made three payments totaling $300 to her employer.

On July 4, 1998, Allen, Aultman, and four others were involved in a one-car accident when the driver of the truck drove it off the side of the road. Neither plaintiff was driving the truck at the time of the accident.

Allen's employer had a general liability and personal injury protection (PIP) insurance policy from American Family. Allen and her employer filed claims under the insurance policy, but American Family denied coverage on the basis that although Allen had contracted to purchase the truck from her employer, American Family had not authorized her employer to assign the insurance policy to her.

Allen and Aultman brought this suit against American Family, asserting breach of contract and promissory estoppel. One week before trial, they moved to amend their complaint to add claims for bad faith breach of contract and willful and wanton conduct, among other things. The trial court granted their motion, noting that the delay in amending their complaint was primarily American Family's fault.

Following the presentation of the plaintiffs' evidence at trial, American Family moved for a directed verdict. The trial court denied that motion and instead granted the plaintiffs' motion for a directed verdict, concluding they were covered under the American Family insurance policy and PIP endorsement. Accordingly, the trial court instructed the jury to consider damages for breach of the insurance contract, and to determine whether there had been a bad faith breach of the contract, and, if so, to consider damages for that claim as well.

The jury returned verdicts against American Family on all claims and awarded damages. This appeal followed.

## I. PIP Endorsement

American Family contends that the trial court erred when it denied American Family's motion for directed verdict and instead directed a verdict in favor of the plaintiffs on the issue of coverage under the PIP endorsement. However, because we conclude that American Family has not properly preserved the issue of whether the PIP endorsement contains an ownership requirement, we will not address it.

The parties' arguments focus on who owned the pickup truck under the conditional sale agreement. However, American Family never relied on the PIP endorsement definition of "insured motor vehicle" in its arguments before the trial court, nor did it direct the trial court's attention to that provision of the PIP endorsement. Rather, it argued that under the policy, the plaintiffs were not "eligible injured persons" because they were not occupying the car with the employer's consent, based upon Allen's alleged ownership of the truck. American Family also referred the trial court to "page 207 of the policy,"

which purportedly defined who was not insured as "any person other than a relative using your car without your permission." Not only does the policy in the record not evidence a page 207, but American Family has not pointed to any such language in the PIP endorsement.

According to C.R.C.P. 50, "A motion for a directed verdict shall state the specific grounds therefor." Neither the supreme court nor this court has yet interpreted this language.

■ When interpreting a state rule of procedure, we may look to a similar federal rule and related case law for guidance. *Furlong v. Gardner*, 956 P.2d 545 (Colo.1998).

Here, Fed.R.Civ.P. 50(a)(2) is substantially similar to C.R.C.P. 50, providing that a motion for judgment as a matter of law "shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment."

■ In interpreting this rule, federal appellate courts have held that technical precision is unnecessary. *See United Int'l Holding, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207 (10th Cir.2000), *aff'd*, 532 U.S. 588, 121 S.Ct. 1776, 149 L.Ed.2d 845 (2001); *Pstragowski v. Metro. Life Ins. Co.*, 553 F.2d 1 (1st Cir.1977). The federal rule requires that the grounds for the motion be stated "with sufficient certainty to apprise the court and opposing counsel of the movant's position with respect to the motion," and "[t]he statement of one ground precludes a party from claiming later that the motion should have been granted on a different ground." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., supra*, 210 F.3d at 1229 (quoting 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2533 (1995)).

■ Thus, under the federal rule, a motion for directed verdict must identify the specific element that the defendant contends is insufficiently supported. A generalized challenge is inadequate. *Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir.1998); *see also Hart v. Schwab*, 990 P.2d 1131, 1135 (Colo. App.1999)(to preserve an issue for appeal, an objection in the trial court must be specific and definite). Further, where a party fails to move for a directed verdict with sufficient specificity, denial of the motion can be reversed on appeal only to prevent manifest injustice. *See Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83 (2d Cir.1998).

We are persuaded by these federal authorities and therefore apply them here.

Thus, under C.R.C.P. 50, American Family was required to direct the trial court's attention to the definition of "insured motor vehicle" in the PIP endorsement. Had it done so, the plaintiffs would have had an opportunity to address this issue in the trial court, including the contentions now raised on appeal that (1) the PIP language at issue may not be enforced because the definition in the policy omitted one or more words, and (2) in any event, the PIP definition of "insured motor vehicle" conflicted with the broad definition of "your insured car" applicable to the remainder of the policy.

Accordingly, we conclude that American Family's contention must be rejected because its motion for directed verdict on the coverage issue was not made with sufficient specificity as required by C.R.C.P. 50.

## II. Expert Testimony

■ American Family next contends that the trial court erred in denying its motion for directed verdict on the bad faith breach of contract claim because the plaintiffs failed to present expert testimony on the standard of care in the insurance industry for investigating and denying an insurance claim. We disagree.

■ The duty of the insurer to act in good faith when dealing with its insured is implied by law as a covenant of the insurance contract. *Surdyka v. DeWitt*, 784 P.2d 819, 822 (Colo.App.1989).

■ In the first-party context, an insurer acts in bad faith in delaying the processing of or denying a valid claim when the insurer's conduct is unreasonable and the insurer knows that the conduct is unreasonable or recklessly disregards the fact that the conduct is unreasonable. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo.1985).

■ Whether an insurer has acted reasonably in denying or delaying approval of a claim is ordinarily determined on an objective basis, requiring proof of the standard of care in the industry. *Travelers Ins. Co. v. Savio, supra.*

■ When the standard of care involves questions beyond the competence of ordinary persons, expert testimony is required to establish that standard. However, when the question whether an insurer has breached the standard of care does not entail specialized knowledge or skill unique to a particular discipline and beyond the knowledge and experience of the average juror, expert opinion evidence is not essential to establish the insured's claim of bad faith breach of the insurance contract. *See Surdyka v. DeWitt, supra,* 784 P.2d at 822; *see also Giampapa v. Am. Family Mut. Ins. Co.,* 919 P.2d 838 (Colo.App.1995)(in first-party case, plaintiff was not required to present expert testimony on standard of care when plaintiff relied upon the statutory provision requiring payment of medical bills within thirty days and insurer did not conduct any investigation for certain claims).

Our review of the record reflects that expert testimony was not required here to prove the plaintiffs' bad faith breach of contract claim. The plaintiffs presented evidence that under applicable law and American Family's own standards for investigating and processing claims, American Family was required to make its coverage determination based on all available information and to undertake reasonable efforts to investigate the claim. Further, the plaintiffs presented evidence that American Family did not adequately investigate the ownership of the truck.

For example, the evidence demonstrated that Allen's employer made inconsistent statements regarding the ownership of the vehicle; however, the two main investigators testified that they never spoke with Allen or made any effort to resolve the inconsistencies. Further, testimony indicated that the purported reason for denying coverage, failure of assignment, was not justifiable considering the lack of investigation on the ownership issues. On this evidence, and without

expert testimony, a jury could have concluded that American Family acted in bad faith when it denied coverage to the plaintiffs.

American Family attempts to distinguish *Surdyka,* which involved a third-party insurance claim, on the basis that this case concerns a first-party claim. However, the element of unreasonable insurer conduct as measured by an objective standard is common to both first-party and third-party bad faith claims. A first-party claim simply requires an additional element—that the insurance company knew that its conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable. *Compare Travelers Ins. Co. v. Savio, supra* (first-party case), *with Surdyka v. DeWitt, supra* (third-party case). Accordingly, we are not persuaded by American Family's argument that in a first-party bad faith insurance claim, expert testimony is always required to establish objective evidence of industry standards.

Thus, we conclude that the trial court properly denied American Family's motion for directed verdict on the bad faith issue.

### III. Amended Complaint

■ American Family next contends that the trial court abused its discretion when it allowed the plaintiffs to amend their complaint one week before trial to assert bad faith breach of contract, willful and wanton conduct, and punitive damages. Specifically, American Family argues that the amended complaint was untimely under the case management order and that American Family was severely prejudiced. We disagree.

■ Leave to amend pleadings should be freely given when justice so requires. C.R.C.P. 15(a). Trial courts may permit amendments to pleadings at any stage of the litigation so long as undue delay does not result and other parties are not prejudiced by such amendments. A trial court's ruling on a party's motion to amend a pleading will not be disturbed on appeal absent an abuse of discretion. *Ajay Sports, Inc. v. Casazza,* 1 P.3d 267, 273 (Colo.App.2000).

Delay alone, without any specific resulting prejudice or any obvious design to harass, is generally not a sufficient basis for precluding a party from amending its complaint. *Eagle River Mobile Home Park, Ltd. v. Dist. Court,* 647 P.2d 660, 663 (Colo.1982).

Here, contrary to American Family's assertions, the case management order provided that C.R.C.P. 15 would govern amendments and authorized the court to extend any deadlines. Further, the trial court noted that although the discovery problems were "mutually self-inflicted," it appeared that American Family "had some additional responsibility" because it had designated the wrong employee as a person knowledgeable about the case.

Moreover, although American Family argues that it was prejudiced because it was precluded from conducting discovery or obtaining an expert on these new claims, it has not demonstrated what additional discovery it would have sought or what additional information an expert would have provided. Nor did it request a continuance. Accordingly, American Family has failed to show how it was prejudiced by the trial court's order. *See Eagle River Mobile Home Park, Ltd. v. Dist. Court, supra,* 647 P.2d at 664 (where the opposing party is prejudiced by having insufficient time to prepare its case, this hardship may be avoided by granting a continuance of the trial date).

Thus, we conclude that the trial court did not abuse its discretion when it allowed the plaintiffs to amend their complaint.

## IV. Additional Issues

American Family also contends that the judgment must be amended because duplicate damages were awarded based on the same wrongful conduct. In addition, American Family contends that the jury instructions and jury verdict forms allowed the jury to award duplicate economic damages. However, our review of the record reflects that these issues were not raised in the trial court.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

A party may not seek appellate review of the propriety of a jury instruction unless counsel tenders an objection before the court instructs the jury. *See Bear Valley Church of Christ v. DeBose,* 928 P.2d 1315, 1330 (Colo.1996)(concluding that the defendants did not preserve duplicative or inconsistent damages issue based on alleged errors in jury instructions and verdict forms when issue was not raised in the trial court); *Curragh Queensland Mining Ltd. v. Dresser Indus., Inc.,* 55 P.3d 235, 2002 WL 725656 (Colo.App. No. 00CA1049, Apr. 25, 2002)(refusing to speculate as to possible ground for invalidating the jury's award of damages when defendant neither objected to any deficiencies in the instructions or verdict form, nor tendered instructions of its own with respect to these matters).

Thus, we will not address American Family's damages contentions on appeal.

*The judgment is affirmed.*

Judge DAILEY and Judge PIERCE *, concur.