In re the MARRIAGE OF Lola
BUCK, Appellee,

and

Clyde E. Buck, Jr., Appellant,

and Concerning Karrick A. Burrows,
Guardian Ad Litem.

No. 02CA0960.

Colorado Court of Appeals,
Div. A.

Nov. 7, 2002.

M. Patricia Marrison, P.C., M. Patricia
Marrison, Colorado Springs, Colorado, for
Appellee.

Carl D. Fatta, Pueblo, Colorado, for Appel-
lant.

Karrick A. Burrows, Pueblo, Colorado, for
Guardian Ad Litem.

Opinion by Judge TAUBMAN.

In this dissolution of marriage case, this court ordered husband, Clyde E. Buck, Jr., to show cause why his appeal should not be dismissed as untimely filed. We have considered his response and now discharge the order to show cause in part and make it absolute in part.

On January 9, 2002, the district court entered permanent orders dissolving the parties' marriage. On January 28, 2002, wife, Lola Buck, filed a motion under C.R.C.P. 59 for reconsideration or a new trial. On February 13, 2002, the district court issued an order denying wife's motion.

On February 14, 2002, acting pursuant to C.R.C.P. 60(a), wife filed a motion to correct a mistake in the January 9, 2002, permanent orders. In support of her motion, wife noted that the court had inadvertently awarded the same bank account to both parties in different parts of the January 9 permanent orders. The court agreed that a mistake had been made and, on February 27, 2002, it issued an order correcting the earlier judgment to reflect that the bank account belonged to wife.

On March 1, 2002, husband filed a motion seeking relief from the February 27 order under C.R.C.P. 59. The district court denied husband's motion on April 2, 2002. Husband filed a notice of appeal on May 15, 2002.

■ The timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review. *Broderick v. McElroy & McCoy, Inc.*, 961 P.2d 504 (Colo.App.1997). Pursuant to C.A.R. 4(a), a party has forty-five days after the entry of the judgment or order in which to file a notice of appeal. A timely posttrial motion, filed in the trial court pursuant to C.R.C.P. 59, terminates the time for filing a notice of appeal as to all parties. C.A.R. 4(a); *Schuster v. Zwicker*, 659 P.2d 687 (Colo.1983). If such motion is filed, the time for filing the notice of appeal begins to run from the date the district court determines the motion or the date the motion is deemed denied under C.R.C.P. 59(j), whichever is earlier. *United Bank of Boulder v. Buchanan*, 836 P.2d 473 (Colo.App.1992).

A C.R.C.P. 59 motion must be filed with the district court within fifteen days from the date of entry of judgment. C.R.C.P. 58(a), 59(a). An additional three days are added to the fifteen-day period if the judgment is mailed to the parties, and the time limit is further extended to the next business day if the fifteen-day or eighteen-day period ends on a Saturday, Sunday, or legal holiday. C.R.C.P. 6(a), 59(a)(4).

Here, wife's January 28 C.R.C.P. 59 motion, filed nineteen days after the district court entered the January 9 permanent orders, was timely in light of the above rules. As a result, the forty-five-day deadline for filing a notice of appeal did not begin to run until February 13, the date the district court denied the motion. The forty-fifth day after February 13 was March 30, a Saturday. Thus, the deadline for filing a notice of appeal was the following Monday, April 1, 2002, and husband's May 15 notice of appeal is untimely with respect to the January 9 permanent orders.

Husband nevertheless argues his appeal of the permanent orders is timely because April 2 is the appropriate date from which to calculate the time for filing a notice of appeal. He reasons that the February 27 order was a new judgment, from which he filed a timely posttrial motion that the district court denied on April 2. We disagree.

■ We conclude that the February 27 corrected order did not extend husband's time to file an appeal from the January 9 permanent orders.

■ The district court characterized its February 27 judgment as an order granting wife's C.R.C.P. 60(a) motion to correct a mistake. We agree with this characterization. C.R.C.P. 60(a) gives district courts the power to correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission ... at any time." The rule provides a means for the court to avoid enforcing an honestly mistaken judgment that is not in accord with the expectations and understanding of the court and the parties. *Reasoner v. Dist. Court*, 197 Colo. 516, 594 P.2d 1060 (1979). Here, the February 27 order corrected the January 9 permanent orders to reflect the court's true intent re-

garding the division of the bank account in question.

No reported Colorado case addresses whether a motion or order under C.R.C.P. 60(a) extends the time for filing a notice of appeal of the underlying judgment. We therefore look to the case law interpreting Fed.R.Civ.P. 60(a), which is identical in pertinent part to C.R.C.P. 60(a). *See. Allen v. Am. Family Mut. Ins. Co.,* — P.3d —, 2002 WL 31119912 (Colo.App. No. 01CA0317, Sept. 26, 2002)(when interpreting a state rule of procedure, court relied on similar federal rule and related case law for guidance).

Federal appellate courts interpreting Fed. R.Civ.P. 60(a) have held that Rule 60(a) motions and orders do not extend the time for filing a notice of appeal. *See Hodge v. Hodge,* 269 F.3d 155 (2d Cir.2001); *Harman v. Harper,* 7 F.3d 1455 (9th Cir.1993); *BBCA, Inc. v. United States,* 954 F.2d 1429 (8th Cir.1992); *Aloe Coal Co. v. Clark Equip. Co.,* 816 F.2d 110 (3d Cir.1987); *In re Cobb,* 750 F.2d 477 (5th Cir.1985). State courts with rules substantially similar to C.R.C.P. 60(a) have reached the same conclusion. *See, e.g., Levine v. Malaga Restaurant, Inc.,* 501 So.2d 1231 (Ala.Civ.App.1987); *State v. Champlain Cable Corp.,* 147 Vt. 436, 520 A.2d 596 (1986); *see also* Leonard Plank & Anne Gill, *Colorado Appellate Practice & Law* § 6.13 (1999)(C.R.C.P. 60 motion does not affect finality of underlying judgment); *cf. In re Marriage of Forsberg,* 783 P.2d 283, 284 n. 2 (Colo.1989)(C.R.C.P.60(b) motion does not suspend the time for filing a notice of appeal).

As explained in *International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir. 1977), a properly corrected judgment under Rule 60(a) gives no relief from the original judgment. Therefore, a C.R.C.P. 60(a) order clarifying the original judgment relates back to the time of the filing of the initial judgment and does not extend the time for appeal of that judgment.

We find further support for this conclusion in C.A.R. 4(a), which provides that motions filed under C.R.C.P. 52 and 59 toll the time for filing a notice of appeal, but contains no similar provision for motions filed under C.R.C.P. 60. Thus, neither wife's motion under C.R.C.P. 60(a), nor the subsequent February 27 order granting the motion, extended husband's time to file an appeal from the January 9 judgment.

Accordingly, husband is precluded from appealing the January 9 permanent orders, and even if we were to find excusable neglect pursuant to C.A.R. 4(a), his May 15, 2002 notice of appeal would still be untimely because it was filed more than seventy-five days after January 9. However, husband's notice of appeal was timely filed from the district court's February 27 and April 2 orders, and he may appeal from those orders.

Accordingly, we conclude that husband's appeal was filed late as to the January 9 permanent orders, but not that it is timely as to the February 27 and April 2 orders.

The order to show cause is therefore discharged in part and made absolute in part, and husband may appeal the February 27 and April 2 orders.

Judge VOGT and Judge NIETO concur.