IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SIRIPORN MCDANIEL aka PON MCDANIEL, *Plaintiff/Appellee*,

*v.*

NELSON BANES, *Defendant/Appellant*.

No. 1 CA-CV 19-0687
FILED 07-23-2020

Appeal from the Superior Court in Coconino County
No. S0300CV201900277
The Honorable Ted Stuart Reed, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Law Office of Tevis Reich, PLLC, Flagstaff
By Tevis Reich
*Counsel for Plaintiff/Appellee*

Nelson Banes, Sedona
*Defendant/Appellant*

**OPINION**

Presiding Judge Lawrence F. Winthrop delivered the opinion of the Court,
in which Judge Maria Elena Cruz and Judge David B. Gass joined.

**W I N T H R O P**, Judge:

¶1        In this opinion, we consider the application of the four-year statute of limitations in Arizona Revised Statutes ("A.R.S.") section 12-544(3) to a foreign judgment originally issued in 2010, but amended in 2019. We hold the amended judgment is entitled to full faith and credit as a final judgment and that the Arizona limitations period on domesticating and enforcing that judgment did not begin to run until 2019. Accordingly, we affirm the superior court's order denying a motion to vacate the recorded foreign judgment and denying a related motion to quash a writ of garnishment for monies owed on that judgment. We also affirm the superior court's award of court costs in favor of the judgment creditor, but vacate its award of attorneys' fees.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2010, Siriporn McDaniel ("McDaniel") and Nelson Banes ("Banes") stipulated to a settlement in a matter brought in the district court of Larimer County, Colorado. They agreed to entry of a $20,000 judgment against Banes, a payment plan, and a specific default interest rate. Later that year, a court order approved the settlement but erroneously entered judgment against Banes for $12,000, and specified that "[i]nterest shall not run, as provided for in the Stipulation."[1]  Banes apparently made three required payments "and then disappeared."

¶3        After learning Banes worked for a resort in Sedona, Arizona, McDaniel's attorney sent a letter to Banes in May 2018 demanding the unpaid balance of the judgment. Banes responded by citing A.R.S. § 12-544(3), Arizona's four-year statute of limitations for registering a foreign judgment, and he made no additional payments.

¶4        McDaniel then filed a motion in the Colorado court to amend the 2010 judgment, identifying the error in the judgment amount and the omission of the default interest rate as bases for relief to amend the judgment under Colorado Rule of Civil Procedure ("C.R.C.P.") 60(a). The Colorado court granted the motion and entered an amended judgment in March 2019, which specified the judgment amount of $20,000 and the proper default interest rate.

---

[1]      The record does not reflect the reason for the discrepancies between the stipulated agreement and the form of judgment originally entered by the Colorado court. Nor does the record reflect when the discrepancies were first noticed.

¶5 McDaniel domesticated and recorded the 2019 amended Colorado judgment in Coconino County in May 2019, pursuant to Arizona's version of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* A.R.S. § 12-1702. In July 2019, McDaniel filed an application for and obtained a writ of garnishment of Banes' earnings. Banes objected to the garnishment and requested a hearing. *See* A.R.S. § 12-1598.07. He also moved to vacate the recorded judgment and quash the writ of garnishment. Banes argued A.R.S. § 12-544(3) barred enforcement of the 2019 amended judgment because the amended judgment "relates back" to the 2010 judgment and, given that relation back, he argued McDaniel's claims were time barred.

¶6 The superior court denied Banes' motion and granted a continuing lien against his non-exempt earnings. The court also awarded McDaniel her attorneys' fees and costs incurred in the garnishment proceedings.

¶7 Banes timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(c).

## ANALYSIS

### I. Colorado Judgment

¶8 Banes relies on *In re Marriage of Buck*, 60 P.3d 788, 790 (Colo. App. 2002), to argue that, because the 2019 amended judgment "relates back to the time of the filing of the initial judgment," an Arizona court cannot enforce it pursuant to the four-year statute of limitations for enforcing a judgment "rendered without the state." *See* A.R.S. § 12-544(3). His argument, however, fails to distinguish between *recognizing* a foreign judgment and *enforcing* a foreign judgment. *See Nat'l Union Fire Ins. Co. v. Greene*, 195 Ariz. 105, 108, ¶ 12 (App. 1999).

¶9 The Full Faith and Credit Clause of the United States Constitution "requires that a judgment validly rendered in one state's court be accorded the same validity and effect in every other court in the country as it had in the state rendering it." *Lofts v. Superior Court (Perry)*, 140 Ariz. 407, 410 (1984). Thus, as a threshold matter, we must determine whether the 2019 amended judgment should be afforded full faith and credit as a final valid judgment. Only then can we reach Banes' argument that Arizona's four-year statute of limitations precludes enforcement in Arizona.

**¶10**        Whether a foreign judgment is entitled to full faith and credit is a question of law we review *de novo*. *Grynberg v. Shaffer*, 216 Ariz. 256, 257, ¶ 5 (App. 2007). As the judgment debtor, Banes "has the burden to prove the foreign judgment should not be given full faith and credit." *Cristall v. Cristall*, 225 Ariz. 591, 594, ¶ 16 (App. 2010).

**¶11**        The UEFJA defines a foreign judgment as "any judgment, decree, or order of a court . . . which is entitled to full faith and credit in this state." A.R.S. § 12-1701. Although the validity of a foreign judgment may be challenged on certain grounds, *Oyakawa v. Gillett*, 175 Ariz. 226, 228 (App. 1993), Banes concedes the 2019 amended judgment is valid.

**¶12**        Separately, a judgment is due full faith and credit only if the judgment is considered final under the law of the state in which it was issued. *Jones v. Roach*, 118 Ariz. 146, 149-50 (App. 1977). Thus, we look to Colorado legal authorities to determine whether the 2019 amended judgment is a final judgment subject to full faith and credit. In determining finality, Colorado courts "look to the legal effect of the order rather than to its form." *Suthers v. CB Servs. Corp.*, 252 P.3d 7, 10 (Colo. App. 2010). A final judgment "is one that ends the particular action in which it is entered." *Luster v. Brinkman*, 250 P.3d 664, 667 (Colo. App. 2010).

**¶13**        The Colorado court issued the 2019 amended judgment in response to McDaniel's motion under C.R.C.P. 60(a), which permits the court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission."[2] A party may move for relief from an error pursuant to C.R.C.P. 60(a) at any time. *Diamond Back Servs., Inc. v. Willowbrook Water & Sanitation Dist.*, 961 P.2d 1134, 1137 (Colo. App. 1997). "No time requirement is imposed . . . because the purpose of such a motion is limited to making the judgment speak the truth as originally intended and the correction does not entail a relitigation of matters" already decided. *Id.*; *see also Kelley v. Bank Bldg. & Equip. Corp. of Am.*, 453 F.2d 774, 778 (10th Cir. 1972) ("The change in judgment did little

---

[2]        Colorado law allows amendment even where attorney error caused or contributed to the "clerical error." *See Town of De Beque v. Enewold*, 606 P.2d 48, 54 (Colo. 1980) (defining "clerical error" to include "not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion" (quoting *Bessemer Irrigating Co. v. West Pueblo Ditch & Reservoir Co.*, 176 P. 302, 303 (Colo. 1918))).

more than accommodate the terms of . . . a prior agreement between the plaintiffs and defendants . . . .") (*cited with approval by Reasoner v. Dist. Court*, 594 P.2d 1060, 1061-62 (Colo. 1979)).

¶14        We find no reported Colorado case—and Banes cites none—indicating that an amended judgment under C.R.C.P. 60(a) is not considered a final judgment entitled to full faith and credit. Further, Arizona authorities indicate that an amended judgment may be enforced as a final judgment. *See* A.R.S. § 12-1701 ("'Foreign judgment' means *any* judgment, decree, or order . . . which is entitled to full faith and credit in this state." (emphasis added)); *Oyakawa*, 175 Ariz. at 229, 231 (finding a valid amended foreign judgment "entitled to full faith and credit in the Arizona courts"). Accordingly, we conclude the 2019 amended judgment is a final valid judgment for the purposes of the UEFJA and therefore is entitled to full faith and credit.

¶15        Next, we turn to whether the four-year limitations period in A.R.S. § 12-544(3) bars enforcement of the 2019 amended judgment. In enforcing a foreign judgment, we look to Arizona law to determine whether an enforcement action is timely. *Nat'l Union Fire Ins. Co.*, 195 Ariz. at 108, ¶ 12. In Arizona, a foreign judgment becomes subject to full faith and credit when it is final and enforceable in the state in which the judgment was rendered. *Grynberg*, 216 Ariz. at 258, ¶ 12. Accordingly, the Arizona statute of limitations on filing a foreign judgment is triggered when the foreign judgment becomes enforceable. *Id.* at 258-59, ¶¶ 7, 14.

¶16        In arguing the statute of limitations was triggered by the 2010 judgment, Banes suggests that the 2019 amended judgment is unenforceable in Colorado. Again, we turn to Colorado law to determine whether the 2019 amended judgment would be enforceable in that state.

¶17        Banes cites no reported Colorado case, however, supporting the premise that the 2019 amended judgment is unenforceable, and we find none. Rather, the Colorado courts have signaled that a judgment amended under C.R.C.P. 60(a) is indeed enforceable. In *Brooks v. Jackson*, the defendants moved for entry of satisfaction of a judgment; the plaintiff then moved to correct the judgment under C.R.C.P. 60(a), arguing the court failed to include pretrial interest in the judgment as mandated by statute. 813 P.2d 847, 848 (Colo. App. 1991). On appeal, the court held that the district court correctly amended the judgment to include the pretrial interest because the rule allowed an amendment "at any time." *Id.* at 849. Although the court did not directly address whether the amended judgment was enforceable, we find it unlikely that the court would approve

the amendment if the resulting amended judgment would be unenforceable. *Cf. Reasoner*, 594 P.2d at 1061 ("[C.R.C.P. 60(a)] provides a safety valve by which courts can avoid the stubborn enforcement of an honestly mistaken judgment."). We therefore conclude the 2019 amended judgment is enforceable under Colorado law.

¶18 As for *In re Marriage of Buck*, that court held that a C.R.C.P. 60(a) order amending a judgment did not extend the time to appeal the initial judgment. *See* 60 P.3d at 790. Banes argues that because the 2019 amended judgment here did not extend the time to appeal the 2010 judgment, the 2019 amended judgment cannot be enforced as timely. But the *Buck* court also held the appellant's "notice of appeal was timely filed from the [amended order], and he may appeal from those orders." *Id.* Under the same logic, even though the four-year Arizona limitation period on enforcing the 2010 judgment expired in 2014, it has not yet expired on the 2019 amended judgment.

¶19 We hold that a valid and enforceable amended foreign judgment issued pursuant to a rule permitting correction of clerical errors or omissions may be considered a final judgment entitled to full faith and credit, and, as such, may be domesticated and enforced under the UEFJA. Having held the 2019 amended judgment is valid and enforceable under Colorado law, we conclude the limitations period for registering and enforcing that judgment in Arizona began to run in March 2019, not 2010. The superior court therefore did not err in denying Banes' motions to vacate the recorded judgment and to quash the writ of garnishment.

¶20 Banes nevertheless argues that upholding the writ of garnishment "open[s] a door for others with older foreign judgments against Arizonans to find any trivial reason to correct and then try to enforce the amended judgments here." His apprehension of such dangers is misplaced. As numerous courts have noted, procedural rules permitting such corrections through amended judgments have limits. *See, e.g., Garamendi v. Henin*, 683 F.3d 1069, 1079-80 (9th Cir. 2012) (noting application of Fed. R. Civ. P. 60(a) limited to instances "necessary for enforcement"); *M-11 Ltd. P'ship v. Gommard*, 235 Ariz. 166, 170, ¶ 12 (App. 2014) ("[T]he superior court has jurisdiction to determine if a clerical error exists [and] to correct any such error . . . ."); *Drost v. Prof'l Bldg. Serv. Corp.*, 375 N.E.2d 241, 244 (Ind. App. 1978) ("The reason for the rule is that in the case of clearly demonstrable mechanical errors the interests of fairness outweigh the interests of finality which attend the prior adjudication."); *Erickson v. Olsen*, 875 N.W.2d 535, 539 (N.D. 2016) (finding "substantive changes granting additional relief" was beyond the scope of

similar rule). Contrary to Banes' argument, our holding here will instead further encourage all parties in litigation matters to act diligently to timely ensure that court judgments and orders reflect the "expectations and understanding of the court and the parties." *See Buck*, 60 P.3d at 789.

II.     *Attorneys' Fees and Costs*

**¶21**     Banes argues the superior court erred in granting McDaniel her attorneys' fees and costs incurred in defending against his motions. The court awarded fees under A.R.S. § 12-1598.07(E), which states that "[a]n award of attorney fees shall not be assessed against nor is it chargeable to the judgment debtor unless the judgment debtor is found to have objected solely for the purpose of delay or to harass the judgment creditor."

**¶22**     Garnishment proceedings are "purely statutory," meaning the governing statutes, including A.R.S. § 12-1598.07 "must be strictly complied with." *Patrick v. Associated Drygoods Corp.*, 20 Ariz. App. 6, 8 (1973). Thus, we review the superior court's award of attorneys' fees in this case *de novo. McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 6 (App. 2009). Although Banes argues the court erred by awarding fees without making express findings, A.R.S. § 12-1598.07(E) does not require the superior court to make explicit findings on the record before assessing attorneys' fees. *Cf.* A.R.S. § 25-403(B) (requiring "specific findings on the record" in issuing decision regarding best interests of a child).

**¶23**     Nevertheless, on this record, we find no evidence that Banes objected to the writ of garnishment solely to delay the proceedings or to harass McDaniel. Because A.R.S. § 12-1598.07(E) is the exclusive basis for a fee award in a garnishment proceeding, the award of fees to McDaniel was in error. *See Ironwood Commons Cmty. Homeowners Ass'n v. Randall*, 246 Ariz. 412, 417-18, ¶¶ 23-24 (App. 2019). Therefore, we vacate the award of attorneys' fees. The award of costs, however, is not similarly precluded under A.R.S. § 12-1598.07(E), and we affirm the superior court's order awarding McDaniel's costs in the garnishment proceedings.

**¶24**     McDaniel requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12-1580(E) and -349. Although we are not persuaded by Banes' arguments on appeal regarding the foreign judgment, he nevertheless presented a colorable position, and he prevails on the issue of the superior court's attorneys' fee award. In our discretion we decline to award McDaniel fees under either statute. And, because neither Banes nor McDaniel is entirely successful on appeal, we decline to award costs to either party.

## CONCLUSION

¶25        For the foregoing reasons, we affirm the superior court's order denying Banes' motion to vacate the recorded amended foreign judgment and to quash a writ of garnishment, affirm the order awarding McDaniel's costs, and vacate the superior court's fee award in favor of McDaniel.

