25CA1442 Marriage of Vasquez 06-25-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1442
Weld County District Court No. 24DR30138
Honorable Jayme Muehlenkamp, Magistrate

In re the Marriage of

Luis Carlos Villalobos Vasquez,

Appellee,

and

Diana Mendoza,

Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE SULLIVAN
Pawar and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 25, 2026

Zane M. Pic, Greeley, Colorado, for Appellee

Antommaria Ilevska Elder, LLC, Amy Antommaria, Greeley, Colorado, for Appellant

¶ 1     In this dissolution of marriage case, Diana Mendoza (wife) appeals the district court's order denying her motion for postjudgment relief. We affirm.

## I.     Background

¶ 2     Wife married Luis Carlos Villalobos Vasquez (husband) in 2008. Husband petitioned to dissolve the marriage in 2024.

¶ 3     The parties consented to a district court magistrate hearing their case. After holding a hearing, the magistrate issued permanent orders on April 25, 2025. As relevant to this appeal, the magistrate

- allocated a property located in Milliken that was encumbered by a mortgage and a line of credit to wife;

- allocated a property located in La Salle that was encumbered by a mortgage to husband;

- allocated a 2021 Chevrolet Silverado that was encumbered by debt to husband;

- allocated a trailer with a power washer (collectively, the power washer) that was encumbered by debt to husband;

- found that a 2011 GMC Denali wasn't part of the marital estate because "Husband transferred the vehicle to

1

Husband's Father in Mexico" before filing the petition; and

- ordered wife to pay a $45,000 equalization payment to husband because the magistrate determined that wife had been allocated property worth approximately $168,000 while husband had been allocated property worth approximately $60,000.

¶ 4 The permanent orders also stated: "Review of this order is subject to C.R.M. 7(b) and the Colorado Rules of Appellate Procedure."

¶ 5 On May 9, 2025, wife filed a "motion to correct clerical mistake in division of assets and debts pursuant to C.R.C.P. 60(a)." She argued that the magistrate committed multiple clerical mistakes in valuing and allocating property in the permanent orders and requested that the magistrate revise the equalization payment or remove the requirement that wife transfer investments to husband. Wife didn't file any motion under C.R.C.P. 59 or C.R.C.P. 60(b).

¶ 6 The magistrate denied wife's motion on July 15, 2025, explaining that wife's "assertions are requests for reconsideration of the [c]ourt's order or disagreements with the [c]ourt's findings and

conclusions," not "clerical errors."  Wife filed her notice of appeal twenty days later, on August 4, 2025.

## II.    Discussion

¶ 7     On appeal, wife contends that the magistrate erred by denying her Rule 60(a) motion, arguing that she identified clerical mistakes in the permanent orders that the magistrate should have corrected. We disagree.

## A.    Jurisdiction

¶ 8     As a preliminary matter, we address husband's contention that we lack jurisdiction to hear this appeal.  Shortly after wife filed her notice of appeal, husband moved to dismiss wife's appeal, arguing that she didn't timely appeal the permanent orders.  The motions division of this court deferred a ruling on that motion to us.  We now deny husband's motion and reject his argument that we lack jurisdiction.

¶ 9     Rule 60(a) permits a court to correct a clerical mistake in an order "at any time."  And, at all relevant times to this appeal, a magistrate couldn't consider most postjudgment motions but did

have the authority to correct clerical mistakes under Rule 60(a).[1] *See* C.R.M. 5(a) (2025) ("Except for correction of clerical errors pursuant to C.R.C.P. 60(a), a magistrate has no authority to consider a petition for rehearing."); *In re Marriage of James*, 2023 COA 51, ¶ 19 ("[E]ven where a magistrate's actions require the parties' consent, C.R.M. 5(a) prohibits the magistrate from entertaining C.R.C.P. 59 postjudgment motions.").

¶ 10    We therefore conclude that, while the magistrate couldn't rule on a postjudgment motion that challenged the substance of the permanent orders, the magistrate did have authority to rule on wife's Rule 60(a) motion that asserted clerical mistakes. And wife timely appealed the magistrate's denial of her Rule 60(a) motion. *See* C.R.M. 7(b) (2025) (an order entered with the parties' consent when such consent is necessary "shall be appealed pursuant to the Colorado Rules of Appellate Procedure"); C.A.R. 4(a)(1) (appellant must file notice of appeal within forty-nine days after entry of the

---

[1] The Colorado Rules for Magistrates recently underwent significant amendments for magistrate orders issued on or after January 2, 2026. *See* Rule Change 2025(18), Colorado Rules for Magistrates (Amended and Adopted by the Court En Banc, Sep. 4, 2025), https://perma.cc/S7P6-9RVS. We cite the pre-amendment version of the rules in effect at the time of the events at issue.

order being appealed).  As a result, we have jurisdiction to review the magistrate's denial of wife's Rule 60(a) motion.  *See In re Marriage of Buck*, 60 P.3d 788, 790 (Colo. App. 2002) (permitting husband to appeal court's order that ruled on wife's Rule 60(a) motion).

¶ 11   We aren't convinced otherwise by husband's argument that wife's Rule 60(a) motion was "in actuality" a motion for reconsideration that the magistrate lacked authority to consider.  In the July 15 order, the magistrate treated wife's motion as one that asserted clerical mistakes and concluded that she hadn't identified any.  We do the same.

### B.   Standard of Review and Applicable Law

¶ 12   We review a district court's denial of a Rule 60(a) motion for an abuse of discretion.  *In re Marriage of McSoud*, 131 P.3d 1208, 1212 (Colo. App. 2006).  A court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair.  *See id.* We presume the court's judgment is correct; the party seeking to alter the judgment bears the burden of overcoming that presumption.  *Carlson v. Benton*, 701 P.2d 156, 158 (Colo. App. 1985).

¶ 13    Rule 60(a) allows the court to avoid enforcing an honestly mistaken judgment that is "not in accord with the expectations and understanding of the court and the parties." *Buck*, 60 P.3d at 789; *see also Diamond Back Servs., Inc. v. Willowbrook Water & Sanitation Dist.*, 961 P.2d 1134, 1136 (Colo. App. 1997) (Relief under Rule 60(a) "is limited to cases in which the trial court originally intended to make the award granted by corrective amendment."). The rule isn't meant to encompass "a relitigation of matters which have already been decided." *Diamond Back*, 961 P.2d at 1137.

## C.    Analysis

¶ 14    Wife contends that the magistrate committed clerical mistakes by

- using the mortgage payoff amount, rather than the mortgage principal balance, to calculate the equity in the La Salle property even though it used the mortgage principal balance to calculate the Milliken property's equity;

- using an outdated debt figure when valuing the 2021 Chevrolet Silverado and the power washer;

6

- valuing the power washer without identifying "where [the magistrate] got the numbers from," asserting the valuation was "starkly different from what each party presented"; and

- removing the 2011 GMC Denali from the marital property division.

¶ 15  We conclude that none of wife's alleged errors constitutes a clerical mistake redressable under Rule 60(a).

¶ 16  As to the real property, wife doesn't support her argument that the magistrate used different methodologies when valuing the La Salle and Milliken properties with citations to the record. *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 57, ¶ 18 ("We generally decline to address arguments presented to us in a conclusory manner that are lacking citations to any supporting authority."), *aff'd*, 2018 CO 39; C.A.R. 28(a)(7)(B) (requiring appellant's opening brief to contain, among other things, citations to "parts of the record on which the appellant relies"). For example, she doesn't identify the point in the permanent orders hearing that she (1) presented her asserted mortgage principal balance ($419,050) on the La Salle property to the magistrate or (2) argued

7

that the magistrate should use it. We fail to see how a court could commit a clerical mistake by declining to use a value that the parties never advocated for or presented. *See Town of De Beque v. Enewold,* 606 P.2d 48, 54 (Colo. 1980) (court's omission of findings that were never presented to it wasn't a clerical mistake).

¶ 17    Even if wife had properly presented the mortgage principal balance to the magistrate, wife appears to be challenging the magistrate's valuation methodology and arguing that the magistrate should have relied on different evidence. But those challenges don't allege clerical mistakes that are redressable under Rule 60(a). *See Water Supply & Storage Co. v. Larimer & Weld Irrigation Co.,* 51 P. 496, 501 (Colo. 1897) (court's alleged mistake in using the "wrong formula" wasn't a clerical mistake); *see also McNickle v. Bankers Life & Cas. Co.,* 888 F.2d 678, 682 (10th Cir. 1989) ("A correction under Rule 60(a) should require no additional proof.").

¶ 18    Similarly, wife doesn't provide any legal support for her assertion that the magistrate committed a clerical mistake by valuing the Chevrolet Silverado and the power washer based on outdated debt statements. *See Fisher,* ¶ 18. And she doesn't

8

identify when she presented her preferred debt figures to the magistrate. *See Town of De Beque*, 606 P.2d at 54.

¶ 19 Instead, wife's argument again rings of disagreement with the evidence relied on by the magistrate. *See In re Marriage of Lewis*, 66 P.3d 204, 207 (Colo. App. 2004). Her request that the magistrate amend her findings based on that evidence should have been brought under Rule 59(a) rather than Rule 60(a). *See* C.R.C.P. 59(a)(3) (party may move for "[a]mendment of findings"). And her contention that the magistrate erred in applying section 14-10-113(5), C.R.S. 2025, which directs courts to value property at the earlier of the date of the hearing or the date of the decree, also doesn't allege a clerical mistake under Rule 60(a). *See Weize Co. v. Colo. Reg'l Constr., Inc.*, 251 P.3d 489, 499 (Colo. App. 2010) ("[T]he trial court's reliance on C.R.C.P. 60(a) was erroneous because the correction was based on its statutory interpretation, not on a clerical mistake."), *superseded by statute on other grounds*, Ch. 279, sec. 1, 2011 Colo. Sess. Laws 1249-50; *see also Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976) (Fed. R. Civ. P. 60(a) doesn't apply to errors of law).

¶ 20     As to the power washer, wife further argues that the magistrate didn't identify the evidence supporting her valuation in the permanent orders.  Again, however, wife doesn't provide legal support that recognizes this type of alleged error as a clerical mistake.  *See Fisher*, ¶ 18; *see also Rutherford v. Harris County*, 197 F.3d 173, 190 (5th Cir. 1999) (a court's failure to make findings isn't a clerical mistake).  And her contention that the magistrate's valuation differed from the values the parties presented again reflects disagreement with the magistrate's findings and methodology, not a clerical mistake that is redressable under Rule 60(a).

¶ 21     Wife also contends that "[h]usband just saying that the [GMC Denali] no longer belongs to the parties should not be enough for the [c]ourt to remove it from the marital estate."  But this argument is an attempt to "relitigat[e] . . . matters which have already been decided," not a request to correct a clerical mistake.  *Diamond Back*, 961 P.2d at 1137.

¶ 22     Given all this, we agree with the magistrate that wife hasn't identified any clerical mistake under Rule 60(a) and instead only disagrees with the magistrate's findings and conclusions.  Wife lost

the ability to raise such challenges on appeal when she failed to timely appeal the permanent orders. *See Buck*, 60 P.3d at 790 (a Rule 60(a) order doesn't extend the time to appeal the underlying permanent orders).

¶ 23 We also reject wife's contention that the cumulative impact of the magistrate's alleged clerical mistakes created an inequitable property division. "The doctrine of cumulative error, although applied regularly in criminal appeals, has not been extended to civil cases." *Acierno v. Garyfallou*, 2016 COA 91, ¶ 66. Even if the doctrine did apply here, we haven't identified any clerical mistakes committed by the magistrate. *See People v. Conyac*, 2014 COA 8M, ¶ 152 ("The doctrine of cumulative error requires that numerous errors be committed, not merely alleged.").

### III. Attorney Fees

¶ 24 Finally, we deny wife's request for attorney fees. Beyond citing section 14-10-119, C.R.S. 2025, wife doesn't explain the legal or factual basis for her request. *See* C.A.R. 39.1 ("Mere citation to [C.A.R. 39.1] or to a statute, without more, does not satisfy [C.A.R. 39.1's] legal basis requirement" for an award of attorney fees on appeal).

## IV.   Disposition

¶ 25     We affirm the order.

JUDGE PAWAR and JUDGE MEIRINK concur.